## BLACK *v.* ELKHORN MINING COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH
CIRCUIT.

No. 220. Argued April 15, 16, 1896. — Decided May 18, 1896.

A locator of an unpatented mining claim under the laws of the United
States, having only the possessory rights conferred by those laws, has
not such an interest in the property as will sustain a claim for dower
therein, against the grantee of the husband.

THE case is stated in the opinion.

*Mr. Thomas H. Carter* for plaintiff in error.  *Mr. Robert
B. Smith* and *Mr. Robert L. Word* filed a brief for the same.

*Mr. W. E. Cullen* for defendant in error.  *Mr. J. K. Toole*
was on his brief.

MR. JUSTICE PECKHAM delivered the opinion of the court.

This is a writ of error to the Circuit Court of Appeals for
the Ninth Circuit.  The action was brought by the plaintiff
in error for the purpose of recovering dower in a mining claim
in Montana, a fractional interest in which was owned by her
husband during coverture.  The question is whether a mere
locator of a mining claim in the State of Montana and under
the laws of the United States, and having only the possessory
rights conferred by those laws, has such an estate in the prop-
erty as will sustain a claim for dower therein.  The claim is
made by the plaintiff, as widow, under the statute of Montana
relating to dower, 1 Laws of Montana, 1876, chapter 63, which
reads as follows: "A widow shall be entitled to a third part
of all lands whereof her husband was seized of an estate of
inheritance at any time during the marriage, unless the same
shall have been relinquished in legal form.  Equitable estates
shall be subject to a widow's dower, and all real estate of
every description contracted for by the husband during his

lifetime; the title to which may be completed after his decease." Another statute of Montana provides that "the word 'land' or 'lands' and the words 'real estate' shall be construed to include lands, tenements and hereditaments, and all rights thereto and all interests therein." Section 202, p. 248, Compiled Laws of Montana.

The case was commenced in the state court and was subsequently removed, on the petition of the defendant, to the United States Circuit Court for the District of Montana. The facts upon which the question arises appear in the pleadings. and the question was raised by demurrer.

The plaintiff is the widow of one Leander W. Black, who died intestate in July, 1881. During his lifetime, and while the plaintiff was his wife, Black owned an undivided two fifths of a certain mining claim situate in the then Territory of Montana, called the A. M. Holter quartz lode. On the 7th of March, 1879, Black sold and conveyed his interest in this claim to one Burton, who took possession thereof, but the plaintiff did not join in that conveyance. The interest conveyed by him to Burton subsequently passed by various mesne conveyances to the defendant in error. On the 29th of October, 1883, an application was made to the proper United States land office by the immediate predecessor in interest of the defendant in error to enter the claim for patent, and such proceedings were had in the matter of the application that on the 19th of November, 1889, a patent therefor was issued by the United States to the applicant, covering the whole interest in the mining claim. No protest or adverse claim or objection of any character was made or filed by the plaintiff in error at any stage of such proceedings in the land department. Upon these facts the Circuit Court held: That the plaintiff had a contingent dower interest in the mining claim, under the Montana statute, although none in the interest the United States retained in such mining lands prior to the locator becoming entitled to a patent therefor; but that by the granting of a patent by the United States to the defendant's predecessor, the estate or interest in the lands called a mining claim ceased to exist, and the title to the whole land passed to the

patentee; the mining claim became merged in the paramount title and perished, and no estate was in the defendant out of which plaintiff could ask to have dower assigned.

Upon writ of error sued out by the plaintiff to review the judgment rendered against her by the Circuit Court, the case was argued before the United States Circuit Court of Appeals for the Ninth Circuit, where the judgment was affirmed. That court held that the locator before he made any application to purchase or paid any of the purchase money had no such estate in the mining claim as against the government or its grantee, as that a right of dower could be founded thereon by virtue of any state legislation, and it therefore affirmed the judgment of the Circuit Court. 7 U. S. App. 393. The plaintiff brings the case here for a review of the judgment against her in the Court of Appeals.

The two courts, while not precisely harmonious in their views as to the principles upon which the judgment should be rested, yet agreed in the result that the plaintiff was not entitled to dower. It was stated on the argument here that there is no decision of the Supreme Court of the State of Montana construing the state statute on the subject of dower, so far as regards this question.

The first question that presents itself is, what is the character of the interest which a locator has in a mining claim under the Revised Statutes of the United States, and prior to the time that he has made any application to purchase or paid any of the purchase money, and where no patent has been issued to him for the land?   Also, what interest does he convey by a conveyance purporting to convey it all, but in which his wife does not join?

The Revised Statutes provide that:

"Sec. 2318.  In all cases land valuable for minerals shall be reserved from sale, except as otherwise expressly directed by law.

"Sec. 2319.  All valuable mineral deposits in lands belonging to the United States, both surveyed and unsurveyed, are hereby declared to be free and open to exploration and purchase, and the lands in which they are found to occupation and purchase by citizens of the United States.  .  .  ."

Section 2320 states the conditions governing mining claims already located as to length, etc., and also as to those located after the 10th of May, 1872. But it is provided that "no location of a mining claim shall be made until the discovery of the vein or lode within the limits of the claim located."

Section 2322 gives to locators of all mining claims and their heirs and assigns, as stated therein, "the exclusive right of possession and enjoyment of all the surface included within the lines of their locations, and of all veins, lodes and ledges throughout their entire depth, the top or apex of which lies" as described in said statute.

It does not by its terms grant any right to the wife of the locator either present or contingent. Being the owner of the lands, the government could of course impose its own terms upon which to grant any right, whether of possession or of purchase.

By section 2324 certain conditions are imposed upon locators, upon a failure to comply with which the claim is rendered open to a relocation the same as if never before located. One of the conditions is the following: "On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year." The section also contains a provision that "upon the failure of any one of several coöwners to contribute his proportion of the expenditures required hereby, the coöwners who have performed the labor or made the improvements may, at the expiration of the year, give such delinquent coöwner personal notice in writing or notice by publication in the newspaper published nearest the claim, for at least once a week for ninety days, and if at the expiration of ninety days after such notice in writing or by publication such delinquent should fail or refuse to contribute his proportion of the expenditure required by this section, his interest in the claim shall become the property of his coöwners who have made the required expenditure."

A patent can be obtained under section 2325, which pro-

vides generally for the filing of an application, under oath, for such patent with the register of the proper land office, and also for the publication of that application, and if no adverse claim is filed with the register within the period stated by the statute, it is to be assumed that the applicant is entitled to a patent upon the terms therein mentioned; and it is then provided in the section that "thereafter no objection from third parties to the issuance of a patent shall be heard, except it be shown that the applicant has failed to comply with the terms of this chapter."

Section 2326 provides for the course to be pursued in case an adverse claim is filed, and for the issuing of a patent after a decision by a court of competent jurisdiction of the question as to which of the parties is entitled thereto. *Perego* v. *Dodge, ante,* 160.

It has been held that this character of interest thus outlined is property, and it is recognized as such in those States of the West whose inhabitants are interested in mines. These claims are subjects of bargain and sale, and constitute, as it is said, very largely the wealth of the Pacific Coast States, and the right to sell, transfer, mortgage and inherit them is recognized by the courts. *Forbes* v. *Gracey,* 94 U. S. 762, 766; *Belk* v. *Meagher,* 104 U. S. 279, 283; *Manuel* v. *Wulff,* 152 U. S. 505, 510.

Mr. Justice Miller, in the course of his opinion in *Forbes* v. *Gracey,* stated: "It is very true that Congress has, by statutes and by tacit consent, permitted individuals and corporations to dig out and convert to their own use the ores containing the precious metals which are found in the lands belonging to the Government without exacting or receiving any compensation for those ores and without requiring the miner to buy or pay for the land. It has gone further, and recognized the possessory rights of these miners, as asserted among themselves by the rules which have become the laws of the mining districts as regards mining claims, . . . *but in doing this it has not parted with the title to the land except in cases where the land has been sold in accordance with the provisions of the law upon that subject.*"

The interest in a mining claim, prior to the payment of any money for the granting of a patent for the land, is nothing more than a right to the exclusive possession of the land based upon conditions subsequent, a failure to fulfil which forfeits the locator's interest in the claim. We do not think that under the Federal statute the locator takes such an estate in the claim that dower attaches to it.

To sum up as to the character of the right which is granted by the United States to a locator, we find: (1) That no written instrument is necessary to create it. Locating upon the land and continuing yearly to do the work provided for by the statute gives to and continues in the locator the right of possession as stated in the statute. (2) This right, conditional in its character, may be forfeited by the failure of the locator to do the necessary amount of work, or if, being one among several locators, he neglects to pay his share for the work which has been done by his coöwners, his right and interest in the claim may be forfeited to such coöwners under the provisions of the statute. (3) His interest in the claim may also be forfeited by his abandonment, with an intention to renounce his right of possession. It cannot be doubted that an actual abandonment of possession by a locator of a mining claim, such as would work an abandonment of any other easement, would terminate all the right of possession which the locator then had.

An easement in real estate may be abandoned without any writing to that effect and by any act evincing an intention to give up and renounce the same. *Snell* v. *Levitt*, 110 N. Y. 595, and cases cited at p. 603 of opinion of Earl, J.; *White* v. *Manhattan Railway Co.*, 139 N. Y. 19. If the locator remained in possession and failed to do the work provided for by statute his interest would terminate, and it appears to be equally plain that if he actually abandoned the possession, giving up all claim to it, and left the land, that all the right provided by the statute would terminate under such circumstances. If he convey to another a right which may be thus lost, that conveyance would seem to be equivalent to an abandonment by him of all rights under the statute. What could

be better evidence of an intention to abandon than an actual conveyance of his right to another, ceasing to do any work thereon, and the giving up of his possession in accordance with his conveyance?   The abandonment by simply leaving the land is no more efficacious than conveying his rights and also leaving possession without any intention of returning.   His simple abandonment would leave no right remaining in his wife to claim dower upon his death in the interest thus abandoned.   If he add a conveyance as a clearer evidence of abandonment, her alleged right to dower is not strengthened.

By the terms of the statute there is no grant of any right to the wife.   It is granted to the locator and to his heirs and assigns, and there is no condition that hampers the right to convey by incumbering it with an inchoate right of dower. And until he does some act towards paying the purchase money he obtains no vested right of purchase or claim to a patent.   *Benson Mining & Smelting Co.* v. *Alta Mining & Smelting Co.*, 145 U. S. 428; *Shepley* v. *Cowan*, 91 U. S. 330.

The last cited case arose under the statute in relation to a settler seeking to acquire the right of preëmption in certain lands, yet the same principle applies to a case of one who had located land and is in possession thereof, but has paid nothing on account of the lands and has made no effort to purchase the same.   An abandonment, therefore, by the locator surrenders merely a right to the exclusive possession, as provided for in the statute, which exclusive possession remains during the pleasure of the government.   An abandonment of it by leaving it, not intending to return, or a conveyance of his interest to a third party, would seem equally to terminate that interest and effectually to bar all possible future claim, if any ever existed, on the part of his wife to dower in such premises.

By conveying his interest as locator he not only ceases to do any work on the claim as provided for by statute, but he puts another in possession with all his rights to do the work called for by it, and gives him the right to do all that he could have done towards purchasing the land itself.   When the grantee does the work and then obtains a patent, it ought

not to be burdened with any right of dower in the widow of his grantor, who had by his conveyance abandoned all his rights and given up the possession upon which they were based. The statute, by expressly providing that the locator and his heirs and assigns should have the rights, clearly meant to provide for a conveyance thereof to the grantee to the same extent that they were possessed by the grantor.

We are of opinion, therefore, that by the conveyance of Mrs. Black's husband to his grantee of all his interest as locator in the mining claim in question he abandoned all his right and interest in the claim to his grantee, and that interest which thus passed to his grantee was not subject to any possible incumbrance of the wife by way of dower in the premises. The interest granted by the United States was of such a nature that a conveyance of Black's right to the possession terminated it to the same extent as if it had been forfeited by non-performance of the conditions provided for in the statute, and hence the wife has no claim for dower in the premises.

The judgment is

*Affirmed.*