## BAKER, RESPONDENT, *v*. BUTTE CITY WATER CO., APPELLANT.

[No. 1,503.]

[Submitted March 1, 1900. Decided March 19, 1900.]

*Appeal—Undertaking on Appeal—Sureties.*

1. Appellant appealed from a final judgment and from an order denying its motion for a new trial, the appeal bond was conditioned that it should be void if appellant paid all damages and costs awarded against it "on said appeals, or on a dismissal thereof" not exceeding the sum of $300; *Held*, that the undertaking was insufficient in that the words "or either of them" should have been inserted in each of the alternative conditions, and because of such omission the sureties were not liable upon said undertaking unless both appeals should be affirmed or both dismissed.
2. Sureties are entitled to stand upon the precise terms of the obligation assumed by them.

MR. JUSTICE HUNT dissenting.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Ben Baker against the Butte City Water Company. From a judgment in favor of plaintiff, defendant appeals. Motion to dismiss granted.

*Mr. William H. De Witt* and *Mr. J. B. Roote*, for Appellant.

*Mr. J. E. Healey*, for Respondent.

**PER CURIAM.**—Motion to dismiss appeals on the ground, among others, of insufficiency of the undertaking. There are two appeals: one from a final judgment, and another from an order denying appellant's motion for a new trial. The undertaking is in the sum of $300. It is conditioned as follows: "The condition of this obligation is such that, whereas, on the 31st day of July, 1899, in the above-entitled court and cause, judgment was entered in favor of plaintiff and against the defendant; and whereas, on the 11th day of November, 1899, an order was made by said court denying defendant's motion for a new trial; and whereas, defendant has appealed from said judgment and order to the Supreme Court of the State of Montana: Now, therefore, in consideration of such appeals, if the appellant will pay all damages and costs which may be awarded against it on said appeals, or on a dismissal thereof, not exceeding the sum of three hundred ($300) dollars, then this obligation shall be null and void; otherwise, to remain in full force and effect."

Section 1731 of the Code of Civil Procedure provides that "in case of an appeal from a final judgment, and from an order granting or refusing a new trial, taken at the same time, only one undertaking need be given." Under section 1725 the undertaking must be to the effect that "the appellant will pay all damages and costs which may be awarded against him on the appeal, or on a dismissal thereof, not exceeding three hundred dollars." The point is made by the respondent that the undertaking is insufficient in that it is so conditioned that the sureties do not assume liability thereon for any damages or costs that might be awarded against the appellant, unless both appeals should be decided adversely to it, or both should be dismissed. The contention is that, in order to meet the requirements of section 1725, *supra*, the words "or either of them" should have been inserted in each of the alternative conditions. We think the contention correct. The respondent is entitled to all the security for his costs and damages contemplated by the statute. The sureties are entitled to stand upon the precise terms of the obligation assumed by

them.   Because of the omission noted they would not be liable upon this undertaking, unless both appeals should be affirmed or both dismissed.   The motion must be sustained.

Let the appeals be dismissed.

*Dismissed.*

MR. JUSTICE HUNT:   I think the undertaking is sufficient. (*Vane* v. *Towle* (Idaho), 50 Pac. 1004.)