STATE EX REL. BAKER, RELATOR *v.* SECOND JUDICIAL DISTRICT COURT, RESPONDENT.

[No. 1543.]

[Submitted June 25, 1900.  Decided July 23, 1900.]

*Ejectment—Appeal—Stay of Execution—Amount of Security —Mining Claim—Real Estate.*

1.  Code Civ. Proc. Sec. 1732, authorizing a stay of execution pending an appeal from a judgment directing the delivery of possession of real estate, applies in case of an appeal by defendant in ejectment involving an unpatented mining claim.
2.  Neither the statutes nor the courts in Montana recognize any distinction between possessory rights to mining claims upon public lands, and real estate held under other titles.

3. When an appeal has been dismissed without prejudice because it was improperly taken, the order fixing the amount of the first undertaking for stay of execution was *functus officio,* and on the taking of a second appeal it was the duty of the court to again fix the amount of the undertaking for stay of execution.
4. Where defendant in ejectment was adjudged to be in wrongful possession, and no writ had been issued to put plaintiff in possession, and defendant appealed, and is ready to furnish security for stay of execution, the amount of security should be fixed, whether defendant was in possession or not.

ACTION by the State, on the relation of B. L. Baker, against the Second Judicial District Court in and for Silver Bow County, and the Hon. John Lindsay, Judge thereof, for *certiorari.* Application dismissed.

*Mr. J. E. Healy,* for Relator.

*Mr. William H. De Witt,* and *Mr. T. Bailey Lee,* for Respondent.

**MR. CHIEF JUSTICE BRANTLY** delivered the opinion of the court.

In this cause the relator seeks by *certiorari* to have this court review and annul the action of the district court of Silver Bow county in making an order fixing the amount of an undertaking on stay of execution pending an appeal from a judgment in the case of Baker against the Butte City Water Company. Upon the affidavit filed in this court the writ was issued. The record returned by the district court discloses the following proceedings had in said cause:

On July 31, 1899, the relator obtained a judgment against the Butte City Water Company, a corporation, in a cause wherein the relator was plaintiff and the said corporation was defendant. The action was in ejectment, and by the judgment the plaintiff was declared to be the owner and entitled to the possession of the Keystone (unpatented) quartz lode-mining claim, situate in the Highland mining district, Silver Bow county. A motion for a new trial was made by the defendant corporation, which was denied. Appeals from the order and judgment were then taken to this court. Upon motion by the relator these appeals were dismissed because of a defective

undertaking on appeal. (*Baker* v. *Butte City Water Co.* 24 Mont. 31, 60 Pac. 488, 817.) An undertaking on stay of execution pending these appeals was filed with the clerk of the district court, the court having fixed the amount of the same at $250, conditioned as required by statute. Upon the dismissal of these appeals, the order being made without prejudice, the defendant appealed again from the judgment; and, upon application to the district court, that court, by the Honorable John Lindsay, one of its judges, fixed the amount of the undertaking on stay of execution pending the appeal at $1,500, which was thereupon filed.

The complaint is now made that this order was in excess of jurisdiction, for the reasons (1) that the statute (Code of Civil Procedure section 1732) authorizing a stay of execution pending an appeal from a judgment directing the delivery of possession of real estate does not apply to unpatented mining claims; (2) that the court had no power to fix the amount of an undertaking for stay upon a second appeal from the same judgment, because its power was exhausted under the first appeal; and (3) that at the time the amount of the undertaking was fixed it was made to appear to the district court that the mining claim in controversy was not then, and for a long time had not been, in possession of the defendant.

We are of the opinion, after a consideration of the questions presented, that the writ was improvidently granted, and that it should be set aside, and the application dismissed.

1.   Neither the statutes nor the courts in this state recognize any distinction between possessory rights to mining claims upon public lands, and real estate held under other titles, While recognizing the United States as the paramount proprietor, the legislature and the courts have always treated the claimant under a perfected location as the owner of the fee.   Indeed, the location operates as a grant from the government; and the estate acquired under it is a vested right to the fee, which becomes absolute upon the performance of the required conditions.   It can be lost only by abandonment, or by forfeiture and location by another.   It is property, in every

sense of that term, and except in the particular just noted, it has all the attributes of real estate.    It may be transferred by sale, as other real estate; it may be mortgaged; it may descend to the heir, or be held by the administrator or executor as assets to pay debts; it may be made liable to the payment of taxes; it is subject to statutory liens; in some instances it may be subject to the claim of homestead; and it is subject to levy and sale as other lands for the satisfaction of judgments. Hence the legislature has classed this species of property as real estate (Political Code, section 16; Civil Code, section 4662; Code of Civil Procedure section 3463), and has provided the same remedies for the protection and enforcement of rights pertaining to it, with the same forms of procedure as it has provided for the protection and enforcement of rights pertaining to other real estate.    The same actions are as appropriate to the one as to the other.    The same form of judgment is entered in both cases.    It is enforced in the same way, subject to the right of appeal, with a stay pending final review, under the provisions of the Code of Civil Procedure. These matters are all so familiar to the profession in this state that it is unnecessary to more than mention them.    There is no provision anywhere making any exception in case of mining claims.    Therefore we conclude that the court, in making the order complained of was acting within its jurisdiction, in pursuance of the provisions of section 1732, *supra*, and accorded to defendant a right granted by statute.    Under the provisions of this section, any right established by plaintiff in his action in the district court was suspended by the undertaking given, pending the appeal.    (*Shepperd* v. *Tyler*, 92 Cal. 552, 28 Pac. 601.)    The case is in no wise altered by the fact that the plaintiff is kept out of possession in the meantime, and that there may be difficulty in the way of preserving the title which he may finally establish by doing the necessary representation work.    Any such difficulty is more apparent than real.    Doubtless, by suitable proceedings in the trial court, the right of entry upon the claim for this purpose can be obtained, and resort to force will not be necessary.

The order dismissing the appeals in *Baker* v. *Butte City Water Co.* was made without prejudice. The appeals having been held not properly taken, the result was that the defendant was left with all the rights it would have had if it had not attempted to appeal. The fixing of the first undertaking was a mere nugatory act. From it the defendant derived no benefit. When the appeal from the judgment was finally taken and perfected as provided by statute, it was the duty of the court, upon application of defendant, to fix the amount of the undertaking on stay, so that the defendant might be left in possession of the disputed property until its rights could finally be determined. Upon a compliance with section 1732, *supra*, it was entitled to a stay, and it would have been an arbitrary act on the part of the court to deny it by refusing to fix the amount of the undertaking. The order was therefore properly made. The fixing of the amount of the first undertaking in no wise affected the power or duty of the court to fix the amount of the second.

3.   From the statements contained in the affidavit and brief of counsel, it seems that, at the time defendant applied to the district court for the order fixing the amount of the undertaking, there was some sort of showing made, or attempted to be made, as to whether the defendant was in possession of the claim in controversy. This was wholly foreign to the matter then considered. The defendant had been adjudged to be in wrongful possession. No writ had issued to put plaintiff in possession. The defendant had appealed, and was ready to furnish the security for a stay until the appeal should be determined. Whether, as a fact, the defendant was in possession, was no reason why the amount of the security should not be fixed. If the plaintiff in the meantime had taken peaceable possession, he was not disturbed by the order, for it went no further than to name the penalty of the undertaking to be furnished.

The writ having been improvidently issued, it is vacated and set aside, and the proceeding is dismissed. *Dismissed.*