COBBAN, Appellant, v. MEAGHER, County Treasurer, et
AL., Respondents.

(No. 2,929.)

(Submitted December 17, 1910.   Decided January 5, 1911.)

[113 Pac. 290.]

*Taxation—Unpatented Mining Claims—Surface Ground—Ir-
regularity of Assessment—Remedy.*

Taxation—Restraining Assessment—Judgment—Conclusiveness — Questions
Determined.
1.   A decree enjoining collection of assessment for taxes of a parcel of
ground designated as a mining claim until the claim shall have been pur-
chased from the United States as provided by law, rendered on a com-
plaint alleging that an assessment on the claim was unlawful because the
legal title thereto was in the United States, merely adjudges the min-
ing claim, as such, not subject to taxation, because the legal title
remains in the United States, and does not determine the question of
the right to tax the surface ground when the same is used and has a
separate and independent value for other than mining purposes.

Same—Assessment of Mining Claim—What Constitutes.
2.   A locator of an unpatented mining claim was informed by the
chairman of the board of county commissioners that a notice would be
sent to him requiring him to show cause why the claim should not be
assessed.   He used the ground for townsite and building purposes.   He
waived notice, and on the hearing the board ordered the ground as-
sessed for townsite purposes, over the locator's objection that title was
not in him.   *Held*, that the assessment of the ground was on its use
for townsite and building purposes, and not on an unpatented mining
claim as such.

Same—"Property" Subject to Taxation—Unpatented Mining Claims.
3.   Under Constitution, Article XII, sections 1–3, 17, requiring a uni-
form rate of taxation of property not exempt, enumerating what prop-
erty shall be exempt, declaring that all mining claims after purchase
from the United States shall be taxed at a specified valuation, unless
the surface ground is used for other than mining purposes and has a
separate value for such other purpose, in which case the surface
ground so used shall be taxed at its value for such other purposes, and
defining "property" as including moneys, credits, bonds, stocks, fran-
chises, and all other matters and things capable of private ownership,
and under Revised Codes, sections 2498–2500, providing that all prop-
erty is subject to taxation, except that specially exempted, the surface
ground of an unpatented mining claim when used for other than min-
ing purposes and when it has a separate value for such other purposes
is subject to taxation.

Same—Assessment—Validity.
4.   Where a house on premises is separately assessed, the words in the
assessment of the real estate, "and the house upon which is numbered
38," are simply descriptive, serving to identify the ground, and the
assessment of the real estate is not void on the ground that it cannot
be ascertained whether it includes the house, and, if it does, it is void
because the house has been separately assessed.

Same—Irregularity in Assessment—Remedy.

5. Under Revised Codes, section 2741, forbidding an' injunction to restrain the collection of any tax, except where the tax is illegal, or where the property is exempt, the court may not restrain the collection of a tax levied on the surface of an unpatented mining claim having a separate and independent value because of its use for other than mining purposes, on the ground that the assessor failed to set forth in the assessment the fact that the surface ground was assessed for other than mining purposes, but the remedy is by an action at law under section 2742 to recover the taxes paid under protest, which remedy is by section 2745, exclusive.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by W. S. Cobban against Charles E. Meagher, as county treasurer of Silver Bow county, and another. From a judgment for defendants and from an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. Kremer, Sanders & Kremer* submitted a brief in behalf of Appellant. *Mr. J. Bruce Kremer* argued the cause orally.

The judgment entered in the case of *Cobban* v. *County of Silver Bow* in 1902, rendered the question of assessment and taxation of this property *res adjudicata.* The rule of law, that all matters which might have been litigated are presumed to have been litigated in an action applies in the case at bar. The decree in that cause was comprehensive in its nature, and embraced the entire matter. (See *Woolverton* v. *Baker*, 98 Cal. 628, 33 Pac. 731; *Crew* v. *Pratt*, 119 Cal. 149, 51 Pac. 38; *Eagle Mfg. Co.* v. *D. Bradley etc.*, 50 Fed. 193; *Aurora City* v. *West*, 7 Wall. 82, 19 L. Ed. 42; *Stockton* v. *Ford*, 18 How. 418, 15 L. Ed. 395; *Lake County* v. *Platt*, 79 Fed. 567, 25 C. C. A. 87; *Pratt* v. *Ratcliff*, 10 Okl. 168; *Clayes* v. *White*, 83 Ill. 540; *Boyd* v. *Robinson*, 93 Tenn. 1, 23 S. W. 72; *Denver* v. *Middaugh*, 12 Colo. 434, 13 Am. St. Rep. 234, 21 Pac. 565; *Guernsey* v. *Carver*, 8 Wend. 492, 24 Am. Dec. 60.)

The possessory title to a mining claim is not assessable. We are mindful of the fact that there is a conflict of authority, but we contend that the supreme court of Montana has laid down the rule in this case, and until it reverses its former de-

cision, this remains the law in this state. (*Hope Mining Co.*
v. *Kennon,* 3 Mont. 35; *Central Pac. Ry. Co.* v. *Howard,* 52
Cal. 231; *Mammoth Mining Co.* v. *Jaub County,* 10 Utah, 232,
37 Pac. 348; *Kansas Ry. Co.* v. *Prescott,* 16 Wall. 608, 21 L.
Ed. 374; *Union Pac. Ry. Co.* v. *McShane,* 22 Wall. 444, 22 L.
Ed. 747; *Douglas County* v. *Union Pac. Ry. Co.,* 5 Kan. 615;
Const., Art. XII, sec. 3.)

The third question urged is that from the assessment it ap-
pears that the plaintiff was assessed for the "use and occupa-
tion" of the ground, but the assessment does not disclose
whether this was the "use and occupation" for mining pur-
poses or otherwise. It is a presumption of law that a thing
is used for its ordinary purpose; therefore, invoking this pre-
sumption one must necessarily conclude that the property was
assessed for mining purposes.

In behalf of Respondents, there was a brief by *Mr. T. J.
Walker* and *Mr. J. V. Dwyer. Mr. W. S. Towner,* Assistant
Attorney General, argued the cause orally.

Respondents urge that in the case at bar no attempt was made
to assess the mining claim as such, but that the county has
assessed the reasonable value of the use and occupation of the
surface of such claim for townsite purposes. That question was
not in any manner involved nor considered by the court in
arriving at its determination and entering its decree in the
action brought against the county in 1902. If, then, the sub-
ject matter in the case before us and that involved in said cause
is not the same, the doctrine of *res adjudicata* does not apply.
If it was applicable, then we submit that the proper remedy of
the appellant is not by injunction, but that his remedy lay in
contempt proceedings. (*Baker* v. *Water Co.,* 40 Mont. 583,
135 Am. St. Rep. 642, 107 Pac. 819.)

The ground in this case is the property of the United States,
and, therefore, exempt from taxation; but the right of posses-
sion of said ground and the use and occupation thereof for
purposes other than mining are the properties of the appellant,

and taxable within the intent of section 17, of Article XII of the State Constitution, and of section 2498 of the Revised Codes. (*Northwestern M. Life Ins. Co.* v. *Lewis & Clark County,* 28 Mont. 491, 98 Am. St. Rep. 572, 72 Pac. 982.)

The legislature in its enactments . (Comp. Stats. 1887, secs. 1667, 1668, Fifth Div., Pol. Code 1895, secs. 3670, 3672; Revised Codes, 2498–2500), as also the framers of the Constitution, contemplated that when the surface of a mining claim had an independent value, and was used for any other than mining purposes, it should be taxed for the reasonable value of such other usage. The terms *"mines"* and *"mining claims"* at the time of the adoption of our Constitution were terms in common use and which had a clearly defined and well-established meaning. Mr. Justice Miller, in the case of *Forbes* v. *Gracey,* 94 U. S. 762, 24 L. Ed. 313, 14 Morr. Min. Rep. 183, had at the time said that the term "mines" referred to the title to the soil which the owner held after he had obtained a patent from the United States under the provisions of the "Mineral Lands Act," while the term "mining claims" referred to the possessory right by which the owner held and worked the soil prior to obtaining that patent. (See, also, *State* v. *Moore,* 12 Cal. 56, 14 Morr. Min. Rep. 110; *People* v. *Shearer,* 30 Cal. 658.) "A mining location is real estate, and belongs to, and the title is in the locator, although the paramount title may not have passed from the government, and is capable of conveyance inheritance, and, of course, protection in law and in equity, and subject to tax, levy and sale." (*Forbes* v. *Gracey, supra; Belk* v. *Meagher,* 104 U. S. 283, 26 L. Ed. 735, 1 Morr. Min. Rep. 510; *Manuel* v. *Wulff,* 152 U. S. 505, 14 Sup. Ct. 651, 38 L. Ed. 532, 18 Morr. Min. Rep. 85; *St. Louis M. & M. Co.* v. *Montana M. Co.,* 171 U. S. 655, 19 Sup. Ct. 61, 43 L. Ed. 320, 19 Morr. Min. Rep. 575; *State* v. *District Court,* 24 Mont. 332, 61 Pac. 882; *Murray* v. *Hinds,* 30 Mont. 466, 76 Pac. 1039; *People* v. *Shearer,* 30 Cal. 656; *Alexander* v. *Sherman,* 2 Ariz. 326, 16 Pac. 45, 15 Morr. Min. Rep. 638; *Salisbury* v. *Lane,* 7 Idaho, 370, 63 Pac. 383.)

Appellant claims the possessory title of a mining claim not

assessable. One claiming an exception has the burden of showing that he is entitled to it. (*Hale* v. *Jefferson Co.,* 39 Mont. 143, 101 Pac. 973; *Railroad Co.* v. *Guffey,* 120 U. S. 569, 7 Sup. Ct. 693, 30 L. Ed. 732; *Waller* v. *Hughes,* 2 Ariz. 114, 11 Pac. 125; Cooley on Taxation, 146.) "Exemption from taxation is a privilege of the government, not an incident to the property." (*State* v. *Moore,* 12 Cal. 56, 14 Morr. Min. Rep. 110; *Stockdale* v. *Treasurer,* 12 Iowa, 539.)

MR. JUSTICE SMITH delivered the opinion of the court.

This action was brought to restrain the defendants from collecting taxes for the years from 1903 to 1909, assessed against certain property situated in Silver Bow county. The assessment for the year 1903 reads as follows, and those for the subsequent years were substantially the same, *viz.*: "W. S. Cobban, for use of ground for the year 1903 formerly known as the Baboon placer, now known and located as the Mercury lode, said ground being situated on south side of Mercury street in the city of Butte, between Main street and Wyoming street, and the house upon which is numbered 38." The property in question is an unpatented mining claim belonging to the plaintiff; the legal title being in the United States. The district court of Silver Bow county found for the defendants and entered judgment in their favor, from which judgment and an order denying a new trial plaintiff has appealed.

Appellant claims (1) that neither the mining claim nor the use thereof is taxable under any circumstances; and (2) that the defendant county and its assessor were in 1902 enjoined by the district court from levying any taxes upon the property until after patent obtained thereto. The judgment-roll in the action in which the injunction was issued is in the record. No copy of the assessment then complained of is found; but the complaint, after describing the property as an unpatented mining claim, alleges: "That for the several years (1899, 1900, and 1901) there were levied and assessed against the said property * * * the several sums as follows; * * * That the proper pro-

portion of said taxes so levied and assessed against the ground designated as the Baboon placer is as follows: * * * That plaintiff says that the valuation or levy and assessment of said taxes upon the said Baboon placer * * * was unlawful, for the reason that the legal title to the said ground was and still is in the United States. * * * Plaintiff says that the defendant threatens to value, assess, and levy taxes upon the said mining ground comprising the Baboon placer claim notwithstanding the said ground is not legally subject to taxation for the reason that the same is a part of the public domain. * * * That the defendant will proceed to value said ground for purposes of taxation.'' The plaintiff prayed that the defendant county be restrained ''from valuing said ground designated as the Baboon placer for purposes of taxation, and from demanding taxes thereon * * * until the same shall have been purchased from the government of the United States.'' After general demurrer overruled, the defendant refused to answer, and a decree was entered, in part as follows: ''Wherefore, it is ordered, adjudged and decreed that the defendant, its assessor, treasurer, officers and agents, be, and they are, hereby restrained and enjoined from continuing to value, assess and levy taxes upon the said ground, to-wit, that piece or parcel of ground designated upon the assessment-rolls as the Baboon placer and claimed by the plaintiff herein as the Mercury quartz lode mining claim, until the same shall have been purchased from the United States as provided by law.''

1. As we read this decree, in the light of the complaint upon which it is founded, it is clear to us that the court adjudged, in accordance with the plaintiff's contention, that an unpatented mining claim, as such, is not subject to taxation because of the fact that the legal title remains in the United States. We find nothing in the judgment-roll to indicate that the question of the right to tax the surface ground when the same is used, and has a separate and independent value, for other than mining purposes, was considered by the court or could properly, under the allegations of the complaint, have been considered. Indeed, the

record shows that the district court of Silver Bow county subsequently took this view of the decree when it refused to punish the assessor as for a contempt for attempting to collect taxes for the "use" of the ground in question. If we are correct in this first conclusion, it follows that the present assessor is not restrained from collecting these taxes, unless he has assessed the property as a mining claim. As we read the record, he is not claiming the right to do that. He alleges in his answer that during all the years mentioned the plaintiff used the land in question for townsite and building purposes. It is shown on the face of each of the assessments that only the use of the ground was assessed. And, in addition to this, the plaintiff's own testimony discloses that he was present at a meeting of the board of county commissioners in July, 1909, when the chairman informed him that a notice would be sent to him requiring him to appear before the board at a subsequent date, and show cause why the ground should not be assessed. He waived legal notice, and requested that the matter be taken up at once. The records of the county board show this entry: "July 26, 1909, W. C. Cobban was present and publicly waived the process of serving him with legal notice to appear and show cause why the Mercury lode owned by him should not be assessed for townsite purposes, said mining claim being used by him for other than mining purposes, to-wit, townsite purposes." As to what other proceedings were had, Mr. Cobban testified: "Mr. Brown [the chairman] asked me what reason I had to offer why that certain piece of ground should not be assessed, and I offered as a reason the decree of the district court restraining them from assessing the ground until such time as I obtained title to it. A motion was made that the assessor should be instructed to assess the ground. That in substance was the resolution. Another resolution was passed instructing the county attorney to draw in legal form the necessary resolution for the board to pass, instructing the assessor to assess the ground for the years 1903 to 1909, inclusive." On July 30, 1909, plaintiff was notified by registered letter to appear before the board on August 9, to show

cause why the property should not be assessed for the use to which it was put, to-wit, townsite purposes. He did not, however, actually receive the letter until August 20. We must conclude from the foregoing evidence that he had actual notice that the board proposed to have the ground assessed in accordance with its value for townsite purposes. It therefore appears that the attempted assessment was for such purposes and that plaintiff was fully aware of the fact. He admitted, while a witness, that the property had been so used exclusively during all the years in question.

2. The question whether an unpatented mining claim, as such, is subject to taxation, is not before us. The inquiry is: Can the surface ground of an unpatented mining claim, when the same is used for other than mining purposes and has a separate and independent value for such other purposes, be taxed? We think the answer must be in the affirmative. Section 1 of Article XII of the state Constitution provides: "The necessary revenue for the support and maintenance of the state shall be provided by the legislative assembly, which shall levy a uniform rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, except that specially provided for in this article." Section 2 provides: "The property of the United States, the state, counties, cities, towns, school districts, municipal corporations and public libraries shall be exempt from taxation; and such other property as may be used exclusively for agricultural and horticultural societies, for educational purposes, places of actual religious worship, hospitals and places of burial not used or held for private or corporate profit, and institutions of purely public charity may be exempt from taxation." Section 3 reads as follows: "All mines and mining claims, both placer and rock in place, containing or bearing gold, silver, copper, lead, coal or other valuable mineral deposits, after purchase thereof from the United States, shall be taxed at the price paid the United States therefor, unless the surface ground, or some part thereof, of such mine or claim, is used for other than mining purposes,

and has a separate and independent value for such other purposes, in which case said surface ground, or any part thereof, so used for other than mining purposes, shall be taxed at its value for such other purposes, as provided by law; and all machinery used in mining, and all property and surface improvements upon or appurtenant to mines and mining claims which have a value separate and independent of such mines or mining claims, and the annual net proceeds of all mines and mining claims shall be taxed as provided by law." Section 2498, Revised Codes, provides: "All property in this state is subject to taxation, except as provided in the next section." Sections 2499 and 2500, Revised Codes, read the same as sections 2 and 3 of the Constitution, *supra.*

Section 17 of Article XII of the Constitution reads: "The word 'property' as used in this article is hereby declared to include moneys, credits, bonds, stocks, franchises and all other matters and things (real, personal and mixed) capable of private ownership.  *  *  *"  This court in the case of *Northwestern L. Ins. Co.* v. *Lewis & Clark County*, 28 Mont. 484, 98 Am. St. Rep. 572, 72 Pac. 982, declared that this section, "in its definition of that which may be made subject to taxation, is sufficiently comprehensive to include all matters and things, visible and invisible, tangible and intangible, corporeal and incorporeal, capable of private ownership." We can conceive of no more comprehensive definition. It includes everything capable of private ownership. Whatever, therefore, is not by law exempt, is taxable. There is no declaration, either in the Constitution or the Codes, that the surface ground of an unpatented mining claim, when used for other than mining purposes and having a separate and independent value for such purposes, is not taxable. It is capable of private ownership. Judge John B. Clayberg, in his very able article on Mines and Minerals, 27 Cyc. 580, says: "By virtue of a valid location, the ground included within its boundaries is segregated from the public domain, and the exclusive right of possession thereof becomes vested in the locator, and so remains as long as he complies with the acts of Congress.

The courts have declared it property in the highest sense of that term, which may be bought, sold and conveyed, and which passes by descent.'' (See, also, *Hughes* v. *Devlin,* 23 Cal. 502; *Suessenbach* v. *Bank,* 5 Dak. 477, 41 N. W. 662; *Keeler* v. *Trueman,* 15 Colo. 143, 25 Pac. 311.)

In the case of *Forbes* v. *Gracey,* 94 U. S. 762, 24 L. Ed. 313, the supreme court of the United States through Mr. Justice Miller, speaking of the character of property involved in an unpatented mining claim, said: ''Such right as the mining laws allow and as Congress concedes to develop and work the mines, is property in the miner, and property of great value. * * * Those claims are the subject of bargain and sale, and constitute very largely the wealth of the Pacific Coast states. They are property in the fullest sense of the word, and their ownership, transfer, and use are governed by a well-defined Code or Codes of Law, and are recognized by the states and the federal government. This claim may be sold, transferred, mortgaged and inherited, without infringing the title of the United States. Why may it not also be made subject to a lien for taxes, and the claim, such as it is, recognized by statute, be sold to enforce the lien? We see nothing in principle or in any interest which the United States has in the land to prevent it.''

This court, in the case of *State ex rel. Baker* v. *District Court,* 24 Mont. 330, 61 Pac. 882, said: ''Neither the statutes nor the courts in this state recognize any distinction between possessory rights to mining claims upon public lands, and real estate held under other titles. While recognizing the United States as the paramount proprietor, the legislature and the courts have always treated the claimant under a perfected location as the owner of the fee. Indeed, the location operates as a grant from the government; and the estate acquired under it is a vested right to the fee, which becomes absolute upon the performance of the required conditions. It can be lost only by abandonment, or by forfeiture and location by another. It is property in every sense of that term, and, except in the particular just noted, it has all the attributes of real estate. It may be transferred by sale, as other real estate; it may be mortgaged; it may descend to the

heir or be held by the administrator or executor as assets to pay debts; it may be made liable to the payment of taxes; it is subject to statutory liens; in some instances it may be subject to claim of homestead; and it is subject to levy and sale as other lands for the satisfaction of judgments." It clearly appears from the report of the foregoing case that the question whether unpatented mining claims as such are exempt from taxation by virtue of section 3 of Article XII of the Constitution, *supra,* was not before the court. (See, also, *Robertson* v. *Smith,* 1 Mont. 410, and *Butte Hardware Co.* v. *Frank,* 25 Mont. 344, 65 Pac. 1.) If such claims are not taxable, it is not because they are not property, but on account of the fact that they have been exempted from the general provisions of the revenue laws. (See section 2501, subd. 2, Rev. Codes; *Elder* v. *Wood,* 208 U. S. 226, 28 Sup. Ct. 263, 52 L. Ed. 464; and note to *People ex rel. Carrell* v. *Bell* (Ill.), 15 Am. & Eng. Ann. Cas. 511.)

The case of *Hope Mining Co.* v. *Kennon,* 3 Mont. 35, cited by the appellant, in which it was held that an unpatented mining claim, as such, was not subject to taxation, was decided under a statute (Codified Statutes 1872, p. 600), which expressly provided that all unpatented mines and mining claims should be exempt from taxation.

The surface ground of patented mining claims, as distinguished from the claims themselves, is distinctly recognized by section 3, Article XII, Constitution, *supra,* as a species of property subject to taxation at its full value under certain circumstances. We can distinguish no difference between the use of the surface ground of a patented claim for other than mining purposes and that of an unpatented claim; and we therefore hold that the surface ground of an unpatented mining claim, when used for other than mining purposes, is subject to taxation in this state when it has a separate and independent value for such other purposes. That the surface ground of the Mercury lode claim was so used and had such value is clearly shown by the record.

3. It is contended that the assessment was void because of the fact that it cannot be ascertained therefrom whether as made it

includes the house, No. 38, and, further, if such is the case, it is void for the additional reason that the taxes on the house were in fact paid under another and separate assessment. As we read the assessment, the words "and the house upon which is numbered 38" are simply descriptive of the premises, or a part of the description serving to identify the ground. That the house was separately assessed bears out this conclusion.

4. The last contention is that the assessment was void for the reason that the assessor failed to set forth therein the fact that the surface ground was assessed for other than mining purposes on account of the fact that it had a separate and independent value for townsite purposes. Section 2741, Revised Codes, reads as follows: "No injunction must be granted by any court or judge to restrain the collection of any tax or any part thereof, nor to restrain the sale of any property for the nonpayment of taxes, except: (1) Where the tax, or the part thereof sought to be enjoined, is illegal, or is not authorized by law. If the payment of a part of a tax is sought to be enjoined, the other part must be paid before an action can be commenced. (2) Where the property is exempt from taxation." We have already decided that the property in question was legally taxable, and that a tax upon the value of the use of the ground for townsite purposes was authorized. It is not claimed that the tax itself was illegal or unauthorized by law. We have also held that the property is not exempt from taxation. A mere irregularity in the method of assessment is not sufficient to give the court jurisdiction to enjoin the collection of the tax or the sale of the property. The phraseology of the assessment, if it was defective, was merely an irregularity. We are of opinion that plaintiff had an adequate remedy, if he had a cause of action, by paying the taxes under protest, and then suing for their recovery in an action at law, as provided by section 2742, Revised Codes. Section 2745, Revised Codes, reads thus: "The remedy hereby provided shall supersede the remedy of injunction and all other remedies which might be invoked to prevent the collection of taxes or licenses alleged to be irregularly levied or demanded, except in unusual cases where the remedy hereby provided is

deemed by the court to be inadequate." Sections 2741 and 2745, Revised Codes, were formerly sections 4023 and 4026, Political Code of 1895. This court in *Montana Ore Purchasing Co.* v. *Maher,* 32 Mont. 480, 81 Pac. 13, said: "A consideration of sections 4023 and 4026 leads us to believe that the phrase 'irregularly levied or demanded' was used by the legislature advisedly, and as prescribing the limits wherein the statutory remedy is exclusive, as distinguished from those cases of illegal taxes the collection of which may be restrained by injunction. In other words, if the action of the assessor or board of equalization was such that the tax complained of is manifestly void under any circumstances, injunction will lie to restrain its collection; but, if the error complained of is only an irregularity on the part of the assessor, the board of equalization, or the treasurer, which may be subject to explanation so as to cure the apparent defect, or, in other words, where the tax complained of is not necessarily void under all circumstances, then the remedy provided by sections 4024 and 4025, namely, payment under protest, and an action to recover back is exclusive, except in those unusual cases mentioned in section 4026. This is the effect of the decision in *Cobban* v. *Hinds,* 23 Mont. 338, 59 Pac. 1, where it is said: 'Sections 4023 and 4026, inclusive, of the Political Code, prohibit courts and judges from enjoining the collection of any tax, and from restraining the sale of the property for nonpayment of any tax, except in those instances where the tax is illegal or not authorized by law, or where the property is exempt from taxation, and provide the means and remedies whereby the rights of persons who deem the taxes irregularly or improperly demanded of the owners, or sought to be enforced against the property may be guarded and protected.'"

We think the defendant may not complain of the irregularity of his assessment in this action. (See, also, *Hensley* v. *City of Butte,* 33 Mont. 206, 83 Pac. 481.)

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.