CLARK, RESPONDENT, v. CLARK ET AL., APPELLANTS.

No. 9131.

Submitted January 18, 1952. Decided April 17, 1952.

242 Pac. (2d) 992.

Mr. Paul T. Keller, Helena, for appellant.

Mr. Michael G. Chilton, Helena, Mr. Frank G. Monroe, Los Angeles, Cal., for respondent.

Mr. Chilton and Mr. Keller argued orally.

MR. JUSTICE FREEBOURN:

William A. Clark died testate on January 12, 1921, leaving surviving him a widow, Susan B. Clark, and his two sons, Houghton Clark and William A. Clark, Jr. The widow elected not to take under the will but to take her dower interest under the statute. She and the Union Bank and Trust Company were appointed to execute the will. The estate appears to have been insolvent, but in 1950 certain unpatented mining claims, part of the assets of the estate, were sold and $22,000 realized.

The bank, having the money in its possession as executor, failed to pay the widow her share thereof. She brought this action, filed August 9, 1950, against the bank and her sons, and asked that she be allowed her dower right of one-third of the lands and assets of the estate. The sons filed written waivers

of their right to plead to the complaint and agreed their defaults could be taken and judgment entered against them.

In a so-called affirmative defense set out in its answer the bank alleged the estate was insolvent and "that all of the assets must be applied to the payment of creditors," and that the bank "does not know to whom the said sum belongs and desires a court order to determine whether or not there is a dower interest in said proceeds from said unpatented mining claims."

Written motion for judgment on the pleadings, made by plaintiff, was granted, and judgment was entered for the relief prayed for by plaintiff in her complaint.

The bank appealed from this judgment. The bank's contention, that the claims of creditors of the estate must be paid before the widow receives her share cannot be upheld.

The general rule announced by this court in Swartz v. Smole, 91 Mont. 90, 5 Pac. (2d) 566, 567, "* * * is that the rights of the husband's creditors are subordinate to the widow's claim of dower, unless on debts constituting a special charge upon the land before coverture, or at the time of the acquisition of the land and as a part of the same transaction (19 C. J. 491), and the insolvency of the husband's estate does not affect the widow's right of dower, unless otherwise provided by statute (Id., 492).

"The right of dower, since its adoption in early Anglo-Saxon times, has always been highly esteemed in the law, as a means of providing for the sustenance of the widow and the education of minor children. 'Lord Bacon said, as early as 1641 that there was then "the common byword in the law that the law favored three things, (1) life, (2) liberty, (3) dower;" ' consequently, courts should be ever vigilant in watching over the widow's interests. 9 R. C. L. 563; Mathews v. Marsden, 71 Mont. 502, 230 Pac. 775; Shepherd & Pierson Co. v. Baker, 81 Mont. 185, 262 Pac. 887."

The question then is whether a wife has a dower interest in an unpatented mining claim possessed by her husband at the time of his death.

R. C. M. 1947, sec. 22-101, defines dower: "A widow shall be endowed of the third part of all lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form. When a wife joins with her husband in the execution of any conveyance of land, she thereby relinquishes her inchoate right, and shall not thereafter have dower therein, except that in case of sale under mortgage signed and executed by herself and husband she shall have a right of dower in the surplus. Equitable estates shall be subject to the widow's dower, and all real estate of every description, contracted for by the husband during his lifetime, the title to which may be completed after his decease."

The terms "lands" and "real estate", as used in the statutes of Montana, are synonymous. Black v. Elkhorn Mining Co., 9 Cir., 49 F. 549, affirmed 9 Cir., 52 F. 859, affirmed, 1896, 163 U. S. 445, 16 S. Ct. 1101, 41 L. Ed. 221. This usage of the terms "land" or "lands" is almost the universal rule. Griffin v. Clark, 55 Idaho 364, 42 Pac. (2d) 297; Krouser v. County of San Bernardino, 29 Cal. (2d) 766, 178 Pac. (2d) 441.

"The words 'real property' are co-extensive with lands, tenements, hereditaments and possessory titles to public lands." R. C. M. 1947, sec. 19-103, subd. 2. See also R. C. M. 1947, secs. 67-207, 67-208.

In State ex rel Baker v. District Court, 24 Mont. 330, 61 Pac. 882, this court discussed the nature of an unpatented mining claim: "Neither the statutes nor the courts in this state recognize any distinction between possessory rights to mining claims upon public lands, and real estate held under other titles. While recognizing the United States as the paramount proprietor, the legislature and the courts have always treated the claimant under a perfected location as the owner of the fee. Indeed, the location operates as a grant from the government; and the estate acquired under it is a vested right to the fee, which becomes absolute upon the performance of the required conditions. It can be lost only by abandonment, or by forfeiture and location by

another. It is property, in every sense of that term, and except, in the particular just noted, it has all the attributes of real estate.''

In Cobban v. Meagher, 42 Mont. 399, 113 Pac. 290, 292, this court quoted from Judge Clayberg's article on Mines and Minerals in 27 Cyc. 580: ''The courts have declared it [an unpatented mining claim] property in the highest sense of that term, which may be bought, sold, and conveyed, and which passes by descent.'' Accord: Butte Hardware Co. v. Frank, 25 Mont. 344, 65 Pac. 1.

By decision and by statute an unpatented mining claim is ▮ property out of which dower may be claimed.

The appellant relies on the case of Black v. Elkhorn Mining Co., 163 U. S. 445, 16 S. Ct. 1101, 1103, 41 L. Ed. 221, which held: ''We do not think that under the federal statute the locator takes such an interest in the claim that dower attaches to it. * * * By the terms of the statute there is no grant of any right to the wife. It is granted to the locator and to his heirs and assigns, and there is no condition that hampers the right to convey by incumbering it with an inchoate right of dower.''

That was a case where one of the locators of an unpatented mining claim sold his interest in the claim during his lifetime. He was married and his wife did not join in the conveyance. Two years later the locator died. The wife brought the action to establish her alleged right to dower.

The United States Supreme Court pointed out the peculiar nature of an unpatented mining claim: ''To sum up as to the character of the right which is granted by the United States to a locator, we find: (1) That no written instrument is necessary to create it. Locating upon the land, and continuing yearly to do the work provided for by the statute, gives to and continues in the locator the right of possession as stated in the statute. (2) This right, conditional in its character, may be forfeited by the failure of the locator to do the necessary amount of work; or if, being one among several locators, he neglects to

pay his share for the work which has been done by his co-owners, his right and interest in the claim may be forfeited to such co-owners under the provisions of the statute. (3) His interest in the claim may also be forfeited by his abandonment, with an intention to renounce his right of possession. It cannot be doubted that an actual abandonment of possession by a locator of a mining claim, such as would work an abandonment of any other easement, would terminate all the right of possession which the locator then had.''

The court then pointed out that the locator could actually abandon the claim and all his rights would terminate, and effectually bar all future claims of the right to dower. The conveyance to a third party amounted to an abandonment of the locator's right.

The court then concluded: ''We are of opinion, therefore, that by the conveyance of Mrs. Black's husband to his grantee of all his interest as locator in the mining claim in question he abandoned all his right and interest in the claim to his grantee, and that interest which thus passed to his grantee was not subject to any possible incumbrance of the wife by way of dower in the premises. The interest granted by the United States was of such a nature that a conveyance of Black's right to the possession terminated it to the same extent as if it had been forfeited by nonperformance of the conditions provided for in the statute, and hence the wife has no claim for dower in the premises.''

The narrow rule of the case is that a wife does not have to join in the conveyance of an unpatented mining claim to relinquish her inchoate right of dower.

Here is a case where there has been no abandonment. The locator died in possession of the claim. The unpatented mining claim was property and under the statute the wife was endowed of a third part of it. By the terms of R. C. M. 1947, sec. 22-101, if the dower had been ''relinquished in legal form'' the widow would have no right. Under the rule established in Black v. Elkhorn Mining Co. the conveyance by a husband during his

lifetime is relinquishment in legal form. But here there is no such relinquishment. The inchoate right of the wife upon the death of her husband became consummate, Mathews v. Marsden, 71 Mont. 502, 230 Pac. 775, and attached absolutely to the lands of her deceased husband, including equitable estates and possessory titles to public lands. Therefore, upon the death of W. A. Clark, his widow became endowed with a third interest in the unpatented mining claims he possessed at the time of his death.

In the instant case the widow is asking the admeasurement of dower in a gross sum. The award of a gross sum in lieu of dower is authorized by R. C. M. 1947, sec. 91-2610. The value of the unpatented mining claims involved and the value of the widow's dower right was ascertained by commissioners appointed by the court under the provisions of R. C. M. 1947, secs. 91-2607 and 91-2608, and the findings of the commissioners were confirmed by the court. The widow has consented to payment of the gross sum.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES METCALF, BOTTOMLY and ANGSTMAN, concur.