662 F.2d 577
 ALASKA MINERS as a class by their representatives, John
Stone, Ernest N. Wolff, and Joseph E. Vogler, who
appear as representatives and
individuals, Plaintiffs-Appellants,
v.
Cecil ANDRUS, Secretary of the Department of the Interior of
the United Statesof America, Curt Berklund, Director, Bureau
of Land Management, and Curtis V.McVee, State Director,
Alaska, Bureau of Land Management of the Department
oftheInterior of the United States of America, Defendants-Appellees.
 No. 80-3073.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Sept. 11, 1981.
Decided Nov. 23, 1981.
 
 William B. Murray, Portland, Or., for plaintiffs-appellants.
 David C. Shilton, Washington, D.C., for defendants-appellees.
 Richmond F. Allan, Duncan, Weinberg & Miller, P.C., Washington, D.C., for amicus curiae, Sealaska Corp.
 Appeal from the United States District Court for the District of Alaska.
 Before KILKENNY and SCHROEDER, Circuit Judges, and JAMESON, District Judge.*
 KILKENNY, Circuit Judge:
 
 
 1
 The appellants, owners of unpatented mining claims located prior to the enactment of the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C. § 1601, et seq., 85 Stat. 688, et. seq., December 18, 1971, claim for themselves and all others similarly situated the right to a declaratory judgment and injunctive protection of an alleged vested property right in the ability to patent their mining claims. The district court entered summary judgment in favor of appellees. We affirm.
 
 BACKGROUND
 
 2
 Pursuant to the provisions of ANCSA, the United States has conveyed certain federal lands covered by the Act to Alaskan native corporations. Appellants are three miners, two of whom have valid mining claims on land that was conveyed to native corporations, and one who appears to have a mining claim on land not conveyed. The action was originally brought as a class action. Class certification was denied by the district court.
 
 ISSUES
 
 3
 I. Does ANCSA allow the federal government to convey land covered by the Act which is subject to valid mining claims?
 
 
 4
 II. Assuming the first issue is answered in the affirmative, is the time limitation on the ability to patent placed on valid mining claims under 43 U.S.C. § 1621 (c) constitutional?
 
 
 5
 III. Did the district court commit error in denying class certification?
 
 I.
 
 6
 Section 22 (c) of ANCSA, 43 U.S.C. § 1621 (c), covers the precise factual situation which is before us on this issue. That section provides:
 
 
 7
 "(c) On any lands conveyed to Village and Regional Corporations, any person who prior to August 31, 1971, initiated a valid mining claim or location under the general mining laws and recorded notice of said location with the appropriate State or local office shall be protected in his possessory rights, if all requirements of the general mining laws are complied with, for a period of five years, and may, if all requirements of the general mining laws are complied with, proceed to patent." (Emphasis added)
 
 
 8
 Clearly, the manifest intention of Congress was that lands subject to a "valid mining claim" may be "conveyed to Village and Regional Corporations." It would have been senseless for Congress to include § 22 (c) unless it intended to grant authority to make such conveyances.
 
 
 9
 Furthermore, in the legislative history leading up to the passage of this particular section, the sponsor stated: "This is a protection for those who have mining claims in Alaska. If they are valid today and if they continue in the development they will have an additional five years to proceed to patent." 117 Cong.Rec. 46965 (December 14, 1971). (Emphasis added) True enough, as appellants point out, one of the purposes of § 22 (c) was obviously to assist miners. In doing so, the Congress chose to protect those who had filed valid claims before August 31, 1971, by, among other things, giving them an additional five years to proceed to patent. The fact that Congress did not mention a comparable time on applying for a patent in 43 U.S.C. § 1621 (b) only emphasizes the Congressional intent to apply the specific time limit mentioned in § 22 (c) to holders of valid mining claims. Homesteaders and other entrymen are not given the same protection, but this is readily explainable. A miner need never acquire a title in order to work his claim and protect his rights against third persons. Union Oil Co. v. Smith, 249 U.S. 337, 349, 39 S.Ct. 308, 311, 63 L.Ed. 635 (1919). Consequently, in Alaska as in many other states, many miners never bother to seek patents. Since there is really no incentive for miners to seek patents, it was incumbent upon Congress to place some kind of a time limit which would clearly prevent miners from presenting claims in the distant future.
 
 
 10
 By 43 C.F.R. 2650.3-2(c), the Secretary of Interior has interpreted § 22 (c) as requiring his Department to reject, for lack of jurisdiction, mineral patent applications filed after December 18, 1976 (or after conveyance, if it is later) on lands conveyed to Village or Regional Corporations. As recently as Andrus v. Idaho, 445 U.S. 715, 729, 100 S.Ct. 1450, 1458, 63 L.Ed.2d 739 (1980), and Udall v. Tallman, 380 U.S. 1, 16-18, 85 S.Ct. 792, 801-02, 13 L.Ed.2d 616 (1965), the Supreme Court has emphasized that great deference should be given to the interpretation that the Secretary of the Interior places on the statutes which he administers. See also, Doyon, Ltd. v. Bristol Bay Native Corp., 569 F.2d 491, 496 (CA9 1978), cert. denied, 439 U.S. 954, 99 S.Ct. 352, 58 L.Ed.2d 345.
 
 
 11
 Therefore, the answer to the first issue is a definite yes.
 
 II.
 
 12
 The appellants next argue that miners have a valid existing right to require the government to hold open indefinitely the option to apply for a patent. The plain wording of § 22 (c) answers this contention. Section 14 (g) of ANCSA, 43 U.S.C. § 1613 (g), on which the appellants rely, recognizes only "valid existing rights." Appellants have no such right to a patent or to the opportunity to apply for a patent outside of the time restriction mentioned in § 22 (c). Appellants may well have an existing right to prevent third parties from interfering with their possessory interest. However, they have no right to prevent the government from conveying the legal title to the native corporations.
 
 
 13
 The argument of appellants that a valid location of a mining claim segregates that area of the claim from the public domain and thus prevents the United States from disposing of the legal title is manifestly unsound. For example, see Clipper Mining Co. v. Eli Mining & Land Co., 194 U.S. 220, 227, 24 S.Ct. 632, 634, 48 L.Ed. 944 (1904). The Court there carefully pointed out that it was not adjudicating any rights against the United States. 194 U.S. at 232-33, 24 S.Ct. at 637. Even more on point is Teller v. United States, 113 F. 273, 283-84 (CA8 1901), where the court held that a valid mining location does not limit the rights of the United States as the paramount title holder.
 
 
 14
 For that matter, it has been held that the interest of a claimant in a mining claim, prior to the payment of any money for the granting of the patent for the land, is nothing more than a right to the exclusive possession of the land based upon conditions subsequent, a failure to fulfill which forfeits the locator's interest in the claim. Black v. Elkhorn Mining Co., 163 U.S. 445, 450, 16 S.Ct. 1101, 1103, 41 L.Ed. 221 (1896). We find it unnecessary to discuss in detail the many cases, starting with Shepley v. Cowan, 91 U.S. 330, 23 L.Ed. 424 (1875), and many of which are cited in our Assiniboine & SIOUX TRIBES V. NORDWICK, 378 F.2D 426, 428 (Ca9 1967), cert. denied, 389 U.S. 1046, 88 S.Ct. 764, 19 L.Ed.2d 838 (1968), which hold that the government may withdraw or convey the title to land subject to valid, unpatented claims. All in substance hold that the land remains subject to the disposing power of the Congress until a homestead or preemption entryman satisfies the conditions imposed by law for the issuance of a patent. Although these cases dealt with homestead and preemption claims, cases such as Black v. Elkhorn Mining Co., supra, and Teller v. United States, supra, are to the same effect.
 
 
 15
 The interpretations of this legislation by two regional corporations organized pursuant to ANCSA (Doyon, Ltd. and Sealaska Corporation) are not properly before us. In any event, their contention that § 22 (c) is a direction to the Secretary of the Interior to adjudicate the validity of all unpatented mining claims on lands conveyed to native corporations is groundless. We have considered their other suggestions and fail to find anything which requires further discussion.
 
 III.
 
 16
 In light of our conclusions on Points I and II, it is unnecessary for us to comment on appellants' contentions with reference to the failure of the court to grant class certification.
 
 CONCLUSION
 
 17
 We conclude that the judgment of the district court must be affirmed.
 
 
 18
 IT IS SO ORDERED.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation