No. 82-214

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

CLAUDE I. BURLINGAME and
CAROL T. BURLINGAME,

Plaintiffs and Appellants,

-vs-

FRED B. MARJERRISON and
JEANNINE O. MARJERRISON,

Defendants and Respondents.

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Sanders,
               The Honorable Douglas G. Harkin, Judge presiding.

Counsel of Record:

        For Appellants:

                Claude I. Burlingame, pro se, Thompson Falls,
                Montana

        For Respondents:

                Morales, Volinkaty & Harr; Richard Volinkaty,
                Missoula, Montana

Submitted on Briefs:   February 3, 1983

Decided:   June 30, 1983

Filed:   JUN 3 0 1983

*Ethel M. Harrison*

_____
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Claude and Carol Burlingame filed a quiet title action to determine ownership, control and use rights of a parcel of land located in Sanders County, Montana. The District Court sitting without a jury decreed that title to the property was vested in Burlingames but that Marjerrisons had acquired prescriptive easements for grazing, agriculture and timber harvesting. Costs were awarded to Marjerrisons. Following the District Court's denial of Burlingames' motions to retax the costs and to amend the findings of fact, conclusions of law and decree, Burlingames appeal. We reverse.

On March 24, 1978, Burlingames entered a contract for deed to purchase the southeast quarter of the northeast quarter (SE1/4 NE1/4) of Section 30, Township 20 North, Range 26 West, M.P.M. Marjerrisons hold title to the northeast quarter of the southeast quarter (NE1/4 SE1/4) of Section 30, Township 20 North, Range 26 West M.P.M. Marjerrisons' title was acquired through two deeds dated November 3, 1945, and January 24, 1962. Both the Burlingame parcel and the Marjerrison parcel were originally acquired by United States patent in 1906 by Alexander Rhone and were held as one tract until Marjerrisons' predecessor in interest divided the property.

A survey was conducted on behalf of Burlingames as a condition to the sale of the property. It revealed that a fence between the two parcels enclosed approximately five acres of the Burlingame tract on its southern border.

For purposes of illustration, the following rough

sketch is provided:



SKETCH of SECTION 30

The dark line between A and B represents the surveyed line, established by Gene Warren and recognized by Burlingames as the south boundary of SE1/4 NE1/4. The dotted line between A1 and B1 represents the fence claimed by Marjerrisons as the north boundary of the NE1/4 SE1/4.

Fred Marjerrison has lived on the Marjerrison tract since Christmas day, 1935. Marjerrisons built their home on that tract and they have used the tract, including the five-acre parcel, for cattle grazing, agriculture and timber harvesting since 1935.

Public records show that taxes on the two tracts were consistently paid by the two parties and their predecessors in interest. A determination of acreage for tax purposes

-3-

has been accomplished by a review of plat books and is based upon the legal descriptions provided in deeds and contracts. No boundary agreements or surveys otherwise affecting the legal description of either parcel have been located.

The District Court, after consideration of all the evidence and the issues raised at trial, and after an inspection of the premises, found that: no agreed boundary change existed; Marjerrisons had not acquired equitable title to the property through adverse possession; and, that the survey was correct. It also found, however, that Marjerrisons had acquired prescriptive easements on the parcel for grazing, agricultural, and timber harvesting purposes and the court awarded costs to Marjerrisons.

Burlingames present three issues on appeal:

1. Whether substantial credible evidence supports the decree;

2. Whether the District Court erred in denying Burlingames' motion to retax costs; and,

3. Whether the amended bill of costs is valid.

We will address only the first issue, which is dispositive of this case.

This Court will not overturn the findings of fact of a District Court where they are supported by substantial, though conflicting, evidence unless there is a clear preponderance of the evidence against the findings. State ex rel. Wilson v. Department of Natural Resources and Conservation of State of Montana, Water Resources Div. (1982), ____ Mont. ____, 648 P.2d 766, 772, 39 St.Rep. 1294, 1302. We view the evidence in the light most favorable to the prevailing

party. Cameron & Jenkins v. Cameron (1978), 179 Mont. 219, 228, 587 P.2d 939, 944. Here, the evidence does not support the District Court's finding of prescriptive easements.

An easement is a right which one person has to use the land of another for a specific purpose or a servitude imposed as a burden on land. Park County Rod and Gun Club v. Department of Highways (1973), 163 Mont. 372, 376-377, 517 P.2d 352, 355. An easement consists of both a dominant tenement, or land to which the easement is attached, and a servient tenement or land on which a burden is imposed. Section 70-17-103, MCA.

At common law, an easement was defined as a nonpossessory interest in land that did not include the right to take the soil or a substance of the soil. William E. Burby, Real Property, § 22 at 62-64; 25 Am.Jur.2d Easements and Licenses, §§ 1, 2. A nonpossessory interest in land that consisted of a right to take the soil or substance of the soil, such as the right to take wild game or fish, was known as a profit à prendre. Burby, Real Property, § 22 at 62-64; Black v. Elkhorn Min. Co. (1892), 49 F. 549, aff'd 52 F. 859, aff'd (1896), 163 U.S. 445, 16 S.Ct. 1101, 41 L.Ed. 221. Other examples of profits à prendre include the right to feed cattle on another's land and the right to take gravel or stone or minerals from another's land. Thompson on Real Property, § 135 at 474 (1980 replacement). Both easements and profits may be acquired by express grant, reservation in a deed of the servient land, implied grant, or by prescription. Thompson, supra, § 135 at 488-489; Burby, supra, §§ 26-31 at 68-83; Prentice v. McKay (1909),

38 Mont. 114, 98 P. 1081.

This Court has long recognized both servitudes. R. M. Cobban Realty Co. v. Donlan (1915), 51 Mont. 58, 66, 149 P. 484, 487. See also, Brannon v. Lewis & Clark County (1963), 143 Mont. 200, 204, 387 P.2d 706, 709. Both forms of servitudes have been codified by the legislature in sections 70-17-101 and -102, MCA. The first of the two sections provides:

> "The following land burdens or servitudes upon land may be attached to other land as incidents or appurtenances and are then called easements:
>
> "(1) the right of pasture;
>
> ". . .
>
> "(5) the right of taking water, wood, minerals, and other things." (Emphasis added.)

Section 70-17-102, MCA, also defines land burdens or servitudes that may be granted and held even though not attached to land. It too provides as servitudes the right of pasture, the right of taking water, and the right of taking other things. While a servitude may by definition be an easement, not all servitudes are easements since not all servitudes are attached to other land as appurtenances.

By contrast, the doctrine of adverse possession refers to acquisition of a possessory interest in land and results in acquisition of title to the property. Brannon v. Lewis & Clark County, supra, 143 Mont. at 206, 387 P.2d at 710. The property must be claimed under color of title or by possession which is actual, visible, exclusive, hostile and continuous for the statutory period. The party claiming adverse possession must also have paid the taxes on the property for

the full statutory period pursuant to section 70-19-411, MCA. Swecker v. Dorn (1979), 181 Mont. 436, 441, 593 P.2d 1055, 1058.

Here, the District Court held that Marjerrisons had not acquired title to the parcel through adverse possession since they did not pay property taxes on the disputed parcel as required pursuant to section 70-19-411, MCA. Brannon v. Lewis & Clark County, supra, 143 Mont. at 206, 387 P.2d at 710. It also found no agreed boundary change and no error in the survey. It then concluded that Marjerrisons had acquired prescriptive easements for the purpose of grazing, agriculture and timber harvesting. We disagree.

Both prescriptive easements and title by adverse possession are established in a similar manner. Brannon v. Lewis and Clark County, supra. The claimant must show use that is open, notorious, exclusive, adverse, continuous, and uninterrupted for the full statutory period. Blasdel v. Montana Power Co. (1982), ____ Mont. ____, 640 P.2d 889, 895, 39 St.Rep. 219, 225; sections 70-19-404, -405, MCA. Here, Marjerrisons needed to demonstrate and did demonstrate each of these elements for a five-year period. Blasdel, 640 P.2d at 895, 39 St.Rep. at 225.

An easement, however, is by definition a nonpossessory interest. Here, Marjerrisons held complete possession of the parcel for the statutory period. They did not merely impose a burden upon the Burlingame parcel for the benefit of a dominant tenement.

In a case on all fours with this, the Florida Court of Appeals distinguished easements from the right to occupy and

enjoy the land itself. It held that where, as here, the claimant had complete possession of the subject property, the claim amounted to "a complete taking inconsistent with a claim of easement." Platt v. Pietras (Fla.App. 1980), 382 So.2d 414, 416. See also, Black v. Elkhorn Min. Co., supra. We agree.

Where a prescriptive right to a servitude has the effect of leaving the owner with an empty fee title, the situation is not one of prescriptive right in the form of an easement. It has ripened into a claim for adverse possession. All of the requirements of adverse possession must then be met, including payment of taxes. Brannon v. Lewis and Clark County, supra, 143 Mont. at 206, 387 P.2d at 710. Here, Marjerrisons' use and occupancy of the land did not amount to acquisition of an easement that was merely appurtenant to the dominant tenement. It must rather be characterized as complete possession, dominion and use of the parcel to the exclusion of Burlingames and their predecessors in interest. It takes on the aspect of a fee.

Marjerrisons first lived on the property in 1935. Testimony established that the plot was used for gardening. Corn was raised. Cows and horses were pastured and watered there. A fence in some form or another has existed since 1935. Dr. Edwin J. Burke, a wood scientist at the University of Montana, examined wood fragments removed from the corner fence post at the northeast corner of Marjerrisons' property. His expert testimony established that the original corner post of the fence was most likely set around 1916. The district judge visited the land and personally

viewed the site at the request of the parties. The use has been open, notorious, exclusive, adverse, continuous and uninterrupted.

One cannot gain adverse possession to land unless one pays the taxes on the land throughout the statutory period. Nor can one acquire a prescriptive right to property which in effect usurps the ownership of the fee title without paying the taxes thereon. Marjerrisons failed to do so. They have acquired no interest in the property.

Burlingames also challenge some of the costs included in Marjerrisons' memorandum of costs and the amendment of the bill of costs. These issues are moot on reversal since Burlingames now prevail and will not be assessed costs.

Reversed and remanded to the District Court for entry of a decree consistent with this opinion.

_____
Chief Justice

We concur:

_____
_____
_____
_____
Justices

-9-