No. 90-252

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

KENNETH M. GUE and SHIRLEY M.
GUE, husband and wife,

　　　　　Plaintiffs and Appellants,

　　v.

GARY L. OLDS and SUE ELLEN
OLDS, husband and wife,

　　　　　Defendants and Respondents.

APPEAL FROM:　District Court of the Eighth Judicial District,
　　　　　　　　In and for the County of Cascade,
　　　　　　　　The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

　　　　　For Appellant:

　　　　　　　　Patrick R. Watt and Joseph G. Mudd, Jardine,
　　　　　　　　Stephenson, Blewett & Weaver, Great Falls, Montana

　　　　　For Respondent:

　　　　　　　　Patricia O'Brien Cotter, Cotter & Cotter, Great
　　　　　　　　Falls, Montana

Submitted on Briefs:　August 30, 1990

Decided:　October 18, 1990

Filed:

_____
　　　　　　　Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Eighth Judicial District, Cascade County, entered summary judgment for the Oldses in this quiet title action. We reverse and remand for further proceedings consistent with this Opinion.

The issues are:

1. Did the District Court err in concluding that laches barred the Gues' action to quiet title?

2. Did the Oldses meet the statutory requirements to acquire title to Lots 14 through 18 by adverse possession?

3. Did the court err in concluding that § 70-19-401, MCA, barred the Gues' action to quiet title?

4. Did the court err by determining material questions of fact in granting summary judgment for the Oldses?

5. Are the Gues entitled to summary judgment on the Oldses' claim of adverse possession of Lots 14 through 18?

The plaintiffs, Kenneth M. and Shirley M. Gue, and the defendants, Gary L. and Sue Ellen Olds, own adjoining property in Neihart, Montana. In 1959 and 1960, Gary Olds, then a single man, purchased Lots 3 through 7 and Lots 10 through 13, Block 11, Town of Neihart. Olds and two local miners, now deceased, marked out the area included in the lots, but the miners and others in Neihart told Olds that confusion had existed in the boundaries in the Town of Neihart for at least the last fifty years.

In 1973, plaintiffs Gue, who are friends of defendants Olds, purchased Lots 14 through 18, Block 11, Town of Neihart. By that time, Gary Olds had married and owned his property jointly with his wife Shirley, and they had built a cabin. The Gues' lots directly adjoin the Oldses' property. When the Gues bought their property, Gary Olds told Kenneth Gue that the cabin the Oldses had built may be encroaching on the Gues' property a bit and that the property line might be inaccurate. No steps were taken to ascertain the correct boundary line, however, and in 1975 the Oldses built a fence on the accepted property line.

In 1985, in anticipation of selling their Neihart property, the Gues hired D. Lester Turnbull to survey it. The Oldses agreed to pay the expense of having Turnbull survey their property at the same time.

Turnbull's survey places the Oldses' cabin entirely within Lot 15, which is owned by the Gues. After attempts to negotiate a settlement failed, the Gues brought this suit to quiet title to their property. In their answer to the complaint, the Oldses denied that their cabin is situated upon the Gues' property and counterclaimed to quiet title in the property on which their cabin sits. After discovery, the Oldses moved for summary judgment and the Gues moved for partial summary judgment that they are the title holders to Lots 14 through 18.

The District Court concluded that the Gues' claim is barred by the statute of limitations and by the doctrine of laches. It further concluded that the Oldses have established, by adverse possession, title to the property upon which the cabin is located and up to the boundary line established by their fence.

I

Did the District Court err in concluding that laches barred the Gues' action to quiet title?

Laches exists where there has been a delay of such a duration as to render enforcement of the asserted right inequitable. Castillo v. Franks (1984), 213 Mont. 232, 241, 690 P.2d 425, 429. There is no absolute rule as to what constitutes laches, and each case is determined according to its own particular circumstances. Montgomery v. First Nat. Bank (1943), 114 Mont. 395, 408, 136 P.2d 760, 766. For laches to be applied, the court must find lack of diligence by the party against whom the defense is asserted and prejudice to the party asserting the defense. Coalition for Canyon Preservation v. Bowers (9th Cir. 1980), 632 F.2d 774, 779.

In the present case, the District Court concluded that laches applied because the Gues became presumptively aware of the questionable accuracy of the boundary line between their property and that of the Oldses when they purchased their lots in 1973. The court also relied upon the Gues' failure to object to the location of the fence the Oldses built in 1975.

4

Kenneth Gue stated in his deposition that Gary Olds had told him that the boundary line might be off by "a couple feet" and that his cabin might be "close to the line." As Gue testified, in contrast, the Turnbull survey puts the cabin within the Gues' property in excess of an entire lot width. That's a horse of a different color. There is no evidence that the Gues were aware of the extent of encroachment on their property until they commissioned the Turnbull survey. Further, there has been no showing that the Oldses have been prejudiced by the Gues' delay in asserting their claim. The Oldses' cabin was built well before the Gues purchased Lots 14 through 18.

As an ancillary matter, the Oldses contend that because the record contains only a sketch of the survey done by Turnbull and because Turnbull himself has not been deposed, there is insufficient evidence to support the Gues' contentions for purposes of the summary judgment motions. The testimony of Kenneth Gue and Gary Olds, as well as the sketch, indicates that the Turnbull survey put the Oldses cabin on Lot 15. We conclude that there is sufficient evidence in the record to support the Gues' position for purposes of these motions for summary judgment.

We hold that the District Court erred in concluding that the doctrine of laches is applicable in this case.

## II

Did the Oldses meet the statutory requirements to acquire title to Lots 14 through 18 by adverse possession?

The District Court concluded that the Oldses established title to the property underlying their cabin by adverse possession. A party claiming title through adverse possession must have "paid all the taxes, state, county, or municipal, which have been legally levied and assessed upon said land" during the period of adverse possession. Section 70-19-411, MCA. The District Court concluded that the Oldses' payment of taxes on their cabin satisfied the requirement of the statute.

This Court has consistently held that "[o]ne cannot gain adverse possession to land unless one pays the taxes on the land throughout the statutory period." See e.g. Burlingame v. Marjer-rison (1983), 204 Mont. 464, 472, 665 P.2d 1136, 1140 (emphasis supplied). Payment of taxes on an improvement on the property does not fulfill the statutory requirement. Stephens v. Hurly (1977), 172 Mont. 269, 276-77, 563 P.2d 546, 550-51.

We conclude that payment of taxes on the cabin is not sufficient to meet the requirement of § 70-19-411, MCA. The Oldses have not claimed that they have paid any property taxes on Lots 14 through 18. We hold that the Oldses failed to establish a right to Lots 14 through 18 by adverse possession because they did not establish that they paid property taxes on that property.

6

III

Did the court err in concluding that § 70-19-401, MCA, barred the Gues' action to quiet title?

The court concluded that the Gues' action was barred by the applicable statute of limitations, § 70-19-401, MCA:

> No action for the recovery of real property or for the possession thereof can be maintained unless it appear that the plaintiff, his ancestor, predecessor, or grantor was seized or possessed of the property in question within 5 years before the commencement of the action.

In reaching its conclusion, the court reasoned that the Gues did not have possession of the land underlying the cabin for at least five years preceding this action.

The District Court stated in its findings and conclusions that "seisin" means possession. It relied upon Clayton by Murphy v. Atlantic Richfield Co. (Mont. 1986), 221 Mont. 166, 717 P.2d 558. That reliance was misplaced. Clayton concerned application of the statute of limitations in the context of prescriptive easements, not fee title. Statements in that case about the meaning of "seisin" are thus limited in application.

In a situation involving fee title to property, actual occupancy is not essential to a lawful seisin; a titleholder is seized of property as long as his or her title is complete and disseisin is not proved. Stephens, 563 P.2d at 549-50, quoting 63 Am.Jur.2d, Property § 40, p. 324. There is nothing in the record

7

to dispute the Gues' testimony that they are holder of fee title to Lots 14 through 18. No defect in their title has been shown. Disseisin has not been proved. We hold that § 70-19-401, MCA, does not bar the Gues' action to quiet title.

## IV

Did the court err by determining material questions of fact in granting summary judgment for the Oldses?

The Gues claim that, in entering its summary judgment, the District Court determined the location of Lots 14 through 18 and 10 through 13. They state that the location of these lots is a material issue of fact.

The order of the District Court did not set forth a legal description of the land to which the Oldses have established title by adverse possession. It did not clarify who holds title to Lots 14 through 18 or where those lots are located in relation to the Oldses' cabin. However, to the extent that the court's judgment established the locations of Lots 14 through 18 and 10 through 13, that judgment is vacated.

## V

Are the Gues entitled to summary judgment on the Oldses' claim of adverse possession of Lots 14 through 18?

The Gues maintain that, because the Oldses have not presented any evidence of payment of taxes on Lots 14 through 18, they have failed as a matter of law to make a valid claim of adverse

8

possession of those lots. Under our reasoning in Issue III, they are correct. Payment of taxes is necessary for establishing title through adverse possession. The Oldses have not shown that they paid any taxes on Lots 14 through 18. We conclude that summary judgment should be entered denying the Oldses' claim of adverse possession of Lots 14 through 18.

Reversed and remanded for further proceedings consistent with this Opinion.

Chief Justice

We concur:

Justices