No. 05-078

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 95

_____

KIRK D. SUNDAY and CHERYL J. WALLINDER,

       Plaintiffs and Appellants,

   v.

DONALD HARBOWAY and TINA HARBOWAY,

       Defendants, Respondents, and
       Cross-Appellants.

_____

APPEAL FROM:    District Court of the Eighth Judicial District,
                  In and for the County of Cascade, Cause No. ADV 2002-542(B)
                  The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

              Kirk D. Evenson, Marra, Sexe & Evenson, P.C., Great Falls, Montana

       For Respondents:

              William O. Bronson, Alexander, Baucus, Paul & Young, PLLC, Great
              Falls, Montana

_____

                  Submitted on Briefs:  December 7, 2005

                            Decided:  May 4, 2006

Filed:

            _____
                       Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Kirk D. Sunday (Sunday) appeals from an Order of the Eighth Judicial District Court, Cascade County, declaring that he does not have an easement across property owned by Donald Harboway and Tina Harboway (Harboways)[1]. Harboways cross-appeal from another part of the District Court's Order which declares that an easement exists around the perimeter of one parcel of Harboways' property, which is a part of this litigation, but that Sunday cannot access it. We affirm.

¶2 We restate and address the following issues on appeal:

¶3 1. Did the District Court err in concluding that Sunday does not have an easement for a road across Harboways' property?

¶4 2. Did the District Court err in concluding that an easement existed for a road around the perimeter of a part of Harboways' property?

¶5 3. Are Harboways entitled to attorney fees on appeal?

BACKGROUND

¶6 The land at issue is located in Cascade County in the area commonly known as Sudden Valley. Prior to July 23, 1971, all of the land in question was owned by John L. and Anna Barrett. The Barretts conveyed this land to Harold Poulsen, subject to easements visible on the property. Mr. Poulsen and his wife conveyed the land to James R. Gist (Gist) and Carl Heishman (Heishman). Gist and Heishman divided the land into multiple parcels. Three parcels were eventually acquired by Harboways and one parcel was eventually acquired by Sunday.

---

[1] The transcript of the trial reveals that Cheryl J. Wallinder (Wallinder) is deceased, but her name still appears in the title of this action. Mr. Sunday is the only appellant.

¶7     The land owned by Harboways is separated from that owned by Sunday by a tract owned by Darrel Evert (Evert), who is not involved in this litigation.

¶8     The property in question, the Alleged Road, and the 30 foot easement in question, are generally depicted as follows:



¶9     Gist and Heishman conveyed Parcel A to Marlin J. Dimmer and Joy M. Dimmer (Dimmers), "subject to all . . . easements . . . appearing of record against said land or now visible. . . ." Harboways acquired Parcel A by separate conveyances from the Dimmers, neither of which was subject to visible easements.

¶10    Gist and Heishman conveyed Parcel B to L. Kent Poulsen and Mary Kay Poulsen (Poulsens), "subject to all . . . easements . . . appearing of record against said land or now visible. . . ." The Poulsens in turn conveyed Parcel B to Harboways. This conveyance was not subject to visible easements.

¶11    Gist conveyed Parcel C to Timothy F. Valerie and Anna H. Valerie (Valeries), "free from all incumbrances except all visible road easements and hereditaments." This conveyance was made September 24, 1976, nearly two years before Sunday's predecessors in interest, the Scotts, purchased Parcel D. The deed from Gist to Valeries specifically contained the language: "reserving unto the Grantor, his heirs, successors and assigns, however, a Thirty (30) foot wide easement on all sides of the inside perimeter of the said described property for the purposes of construction, maintenance and use of roads, water, sewer, and utility facilities." Harboways acquired Parcel C following four conveyances that were not subject to visible easements.

¶12    By contract for deed made December 23, 1976, Gist sold to Evert's predecessor in title, Dwight A. Darrah, Annie Bell Darrah, Harry C. Darrah, and Esther L. Darrah (Darrahs), Parcel E. On May 8, 1978, Gist conveyed Parcel D to Calvin B. Scott and Judy R. Scott (Scotts). Sunday subsequently acquired Parcel D. Thus, prior to the time that Sunday's predecessor in interest, Scotts, acquired Parcel D from Gist, the 30 foot

4

easement on Parcel C could not provide access to Sunday's land. There is no record of an easement across Parcel E for access to Parcel D.

¶13 Sunday sometimes traveled over Harboways' land using the way depicted above as the Alleged Road. He refers to this route as a road, while Harboways refer to it as an indistinct two-rut trail. Harboways blocked the Alleged Road with a fence. Sunday sued, claiming an easement giving him the right to cross Harboways' land on the Alleged Road. He first claimed the Alleged Road constitutes an easement that was visible at the time of conveyances to Harboways' predecessors in interest. Alternatively, Sunday claimed an easement by prescription over the Alleged Road.

¶14 Sunday's claims were tried to the District Court sitting without a jury. On December 22, 2004, the District Court filed its Findings of Fact, Conclusions of Law and Order (Order). The District Court concluded that Sunday failed to establish the Alleged Road as a visible easement reserved in prior deeds, and further that he did not establish a prescriptive easement over it to access his property.

¶15 Also in its Order, the District Court concluded that "a 30 foot easement was created on Harboways' property by the Gist to Valerie deed. However, Sunday does not have an easement across the northern portion of Harboways' land (original Kent and Poulsen property, original Dimmer and Calvert property) to access this 'road' easement." This appeal and cross-appeal followed.

¶16 Harboways have moved this Court for an injunction pending resolution of this appeal. Harboways claim Sunday is preparing to build a road along the 30 foot easement. This Opinion renders the motion for an injunction moot.

## STANDARD OF REVIEW

¶17 We review the findings of a district court sitting without a jury to determine if they are clearly erroneous. *Tomlin Enters., Inc. v. Althoff*, 2004 MT 383, ¶ 12, 325 Mont. 99, ¶ 12, 103 P.3d 1069, ¶ 12. We will consider the findings to be clearly erroneous if they are not supported by substantial credible evidence, if the district court misapprehended the effect of the evidence, or if a review of the record leaves us with the definite and firm conviction that a mistake has been committed. *Tomlin*, ¶ 12. We review a district court's conclusions of law for correctness. *Tomlin*, ¶ 12.

## DISCUSSION

## ISSUE ONE

¶18 **Did the District Court err in concluding that Sunday does not have an easement for a road across Harboways' property?**

¶19 The District Court specifically found credible a licensed engineer and surveyor presented by Harboways. He testified that no visible road existed at the times claimed by Sunday. The District Court also considered testimony concerning what roads and trails did exist, examined maps of the area, and testimony to the effect that the road claimed by Sunday never existed. The District Court also considered the witnesses and evidence presented by Sunday. It found that at least some of the testimony of Sunday's witnesses was inaccurate as to the time of use, extent of use, and location of the road at issue. After reviewing conflicting evidence, the District Court found as a matter of fact that at the various times that Gist and Heishman conveyed the property traversed by the Alleged Road, there was no visible road in existence.

¶20 The essence of Sunday's argument on appeal is that the District Court's findings of fact are clearly erroneous as it ignored the testimony of several witnesses that the Alleged Road was visible and in use when Gist and Heishman conveyed it and reserved an easement for visible roads. The evidence is indeed conflicting. And, if Donald Harboway's testimony is taken out of context as urged by Sunday, it could be said that he admitted that there was a trail across his property at one time. However, we conclude that the District Court's findings are not clearly erroneous. They are supported by substantial credible evidence, the District Court did not misapprehend the effect of the evidence, and we are not left with the definite and firm conviction that a mistake has been committed. *Tomlin*, ¶ 12.

¶21 A party claiming an easement by prescription must prove each necessary element by clear and convincing evidence. *See Brumit v. Lewis*, 2002 MT 346, ¶ 15, 313 Mont. 332, ¶ 15, 61 P.3d 138, ¶ 15. Similarly to Sunday's claim that a visible easement existed, the District Court examined the conflicting evidence presented concerning the Alleged Road. This evidence outlined the history of the property both before and since its acquisition by Harboways. Based upon this review, the District Court found that neither Sunday, nor any of his predecessors in interest, established a prescriptive easement on any of the three tracts now owned by Harboways prior to the time they purchased it. Further, the District Court found that after they acquired the land, Harboways zealously protected it and routinely refused others access, other than for a limited purpose with their permission. We conclude that these findings by the District Court are not clearly

7

erroneous.  *Tomlin*, ¶ 12.

ISSUE TWO

¶22    **Did the District Court err in concluding that an easement existed for a road around the perimeter of a part of Harboways' property?**

¶23    Harboways contend that the District Court erred in its Conclusion of Law No. 9 that the Gist to Valerie deed created a 30 foot easement surrounding Parcel C, as this conclusion is contrary to this Court's decision in *Loomis v. Luraski*, 2001 MT 223, 306 Mont. 478, 36 P.3d 862.  They also claim that any such easement would not benefit Sunday.

¶24    *Loomis* is inapposite.  In *Loomis*, we rejected an attempt by landowners to establish an easement which was not within their chain of title.  Since the reservation was outside their chain of title, we determined that these landowners could not enforce it. *Loomis*, ¶¶ 28-30.  However, in this case, Gist, who reserved the easement, is in Sunday's chain of title.  Thus, the rational of *Loomis* does not apply.  However, Harboways are correct that Sunday has no right to cross their land using such easement.

¶25    Sunday's property does not abut the easement in question.  When Gist reserved an easement across Parcel C, he created a dominant tenement which was his remaining land, and Parcel C, which was burdened with the easement, became the servient tenement. However, at the time Gist conveyed Parcel D to Sunday's predecessors, the Scotts, he had already conveyed Parcel E to Darrahs, and he reserved no easement across it.  There is nothing in the record which shows that Sunday can cross Parcel E.  An easement requires more than a burden on the servient tenement.  It must be substantially beneficial

8

to the dominant tenement. *See Murphy v. Kerr* (8th Cir. 1925), 5 F.2d 908, 911; 28A C.J.S. *Easements* § 6 (1996). There is no easement as far as Sunday's land is concerned, because an easement requires a dominant tenement. *See Burlingame v. Marjerrison* (1983), 204 Mont. 464, 469, 665 P.2d 1136, 1139; § 70-17-103, MCA. While we express no opinion as to whether the 30 foot easement exists for the benefit of any other successor landowners to Gist, Sunday's land is not a dominant tenement with the benefit of such easement.

## ISSUE THREE

¶26 **Are Harboways entitled to attorney fees on appeal?**

¶27 Harboways ask this Court to award them attorney fees on appeal, arguing that Sunday failed to offer "anything substantial or even reasonable in support of [his] appeal." *See* Rule 32, M.R.App.P.; *Ponderosa Pines Ranch, Inc. v. Hevner*, 2002 MT 184, ¶¶ 35-36, 311 Mont. 82, ¶¶ 35-36, 53 P.3d 381, ¶¶ 35-36. In *Ponderosa Pines Ranch*, the district court concluded that Cherie Hevner's arguments were not well grounded in fact, and she made the same arguments to this Court. *Ponderosa Pines Ranch*, ¶ 35. In the present case, while Sunday made the same arguments on appeal that he made in the District Court, these arguments are supported by facts. Both sides presented evidence which the District Court had to weigh. While we affirm the District Court's Order, in this instance we determine it is not appropriate to sanction Sunday for exercising his right to appellate review.

## CONCLUSION

¶28 We affirm the District Court's Order. Sunday owns no easement across

9

Harboways' land. We decline to award Harboways attorney fees. Harboways' motion for an injunction is denied as moot.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER

Justice Brian Morris specially concurs.

¶30 I concur with the Court's conclusion that the evidence failed to establish the Alleged Road as a visible easement reserved in prior deeds. I write separately to emphasize that the Court reaches this result based upon the District Court's resolution of conflicting testimony regarding the existence of any visible easements reserved in prior deeds. It was Sunday's failure to persuade the District Court of the existence of visible easements on the ground, rather than the failure of the predecessors in interest of either Sunday or the Harboways to reserve visible easements in conveying the various parcels at issue that dictated the outcome. Indeed, Gist originally conveyed Parcel C to the Valeries free from all encumbrances "except all visible road easements and hereditaments." The Harboways, in turn, received Parcel C subject to any of these visible road easements. The District Court found, as a matter of fact, that no visible road easements existed on

10

Parcel C and the Court correctly defers to the District Court's finding of fact in this matter. *Tomlin*, ¶ 12.

/S/ BRIAN MORRIS

W. William Leaphart joins in the foregoing special concurrence.

/S/ W. WILLIAM LEAPHART

11