NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 19 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAITH MCLAIN, as beneficiary of the Estate of Bernard McLain; et al., <br><br> Plaintiffs, <br><br> v. <br><br> FRANCIS MCLAIN, Individually and as Co-Manager of Tera Bani Retreat Ministries, <br><br> Defendant-Appellant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor-Defendant-Appellee, <br><br> and <br><br> CAROLINE MCLAIN, Individually and as Managing Director of Tera Bani Retreat Ministries; et al., <br><br> Defendants. | No. 23-35304 <br><br> No. 23-4221 <br><br> D.C. No. 1:16-cv-00036-SPW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Susan P. Watters, District Judge, Presiding

Submitted February 4, 2025[**]
Portland, Oregon

Before: BEA, KOH, and SUNG, Circuit Judges.

Defendant-appellants appeal the district court's decision that determined title to the disputed E-3 Ranch ("Ranch") in Park County, Montana.[1] Frank alone collaterally attacks the liens that served as the basis of the United States' intervention in this case. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **AFFIRM.**

A district court's grant of summary judgment is reviewed de novo. *Mull for Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1209 (9th Cir. 2017). Findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. *Id*; *Chaudhry v. Aragón*, 68 F.4th 1161, 1171 (9th Cir. 2023).

1. *Validity of the E-3 Ranch Trust.* Ruling on summary judgment, the district court determined that the E-3 Ranch Trust ("Trust") was invalid under Montana law. After a bench trial, the district court declined to change its prior ruling. The district court correctly determined that the Trust is invalid as an ordinary trust and as a business trust.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Defendants are Francis "Frank" McLain, Caroline McLain, Alakhi McLain, Sohnja McLain, and Dane McLain. We refer to individuals by first name.

In *Ruby Mountain v. Montana Department of Revenue*, the Supreme Court of Montana assessed the validity of an ordinary trust that the parties agree is much like the E-3 Ranch Trust. 300 Mont. 297, 303 (2000). The court concluded that because the ordinary trust at issue had "objective indicia of a business organization," it was "not to be regarded as a trust under Montana law." *Id*. at 302.[2] Here, the Trust (which Defendants claim is an ordinary trust) has the same objective indicia of business organizations, including certificates to be issued to beneficiaries.

Defendants do not contest the similarity of the Trust to the disputed trust in *Ruby Mountain*. Rather, Defendants challenge the application of *Ruby Mountain* to their case, arguing that *Ruby Mountain* is limited to assessing the validity of trusts "for tax purposes" and cannot be relied upon to assess ownership of real property. The district court did not err in rejecting this argument. While it is true that *Ruby Mountain* arose in the context of a tax case, the court in *Ruby Mountain* characterized "the only disagreement between the parties" as "the legal question of the validity of the Trust." 300 Mont. at 301. Although the court in *Ruby Mountain* does use the

---

[2] The court in *Ruby Mountain* conducted its analysis pursuant to MCA § 72-33-108(4), which excludes from its definition of a legitimate trust "business trusts providing for certificates to be issued to beneficiaries." 300 Mont. at 302. Although MCA § 72-33-108(4) has since been amended, it was the governing law at the time of the creation of the E-3 Trust. Courts apply the law that was in effect at the time of the creation of a trust to determine a trust's validity. *See New Hope Lutheran Ministry v. Faith Lutheran Church of Great Falls*, 374 Mont. 229, 248 (2014); *Gibbs v. Altenhofen*, 376 Mont. 61, 68 n.3 (2014).

23-35304

term "for tax purposes" throughout the opinion, it never limited its analysis of the validity of a trust under Montana law to the tax context. The district court is correct that "[t]here is no indication that the *Ruby Mountain* Court would have found the trust valid for any other purpose." Because the Trust here has the same objective indicia of business organizations discussed in *Ruby Mountain*, the district court did not err in determining that the Trust is invalid as an ordinary trust under Montana law.

The district court also did not err in refusing to find the E-3 Ranch Trust valid as a business trust. Montana Code Annotated § 35-5-201 requires business trusts seeking to transact business in the state of Montana to make certain filings with the Montana secretary of state. Business trusts that conduct business without making these filings are invalid under Montana law. *See Johnston v. Palmer*, 337 Mont. 101, 112 (Mont. 2007); *see also Estate of Reeder v. Olsen*, No. DA 10-0303, 361 Mont. 534 at *2 (Mont. 2011) (unpublished). It is undisputed that the Trust failed to file this paperwork, which renders the Trust invalid as a business trust.

Defendants argue that the Trust is exempt from MCA § 35-5-201's filing requirement because it conducted no business. Defendants do not provide any legal support for the position that a trust that fails to meet MCA § 35-5-201's filing requirement may still be a valid business trust if it does not actually conduct business. Additionally, Defendants' only evidence that the Trust conducted no

23-35304

business is a conclusory statement in Frank's affidavit to this effect. The district court, after "[h]aving considered the entire record," found that Defendants' bare assertion that the Trust did not conduct business was insufficient to create a genuine issue of material fact on that question. By contrast, evidence of business activity by the Trust in the record includes the Trust's transfer of 20 acres to Brad Hall in 2003 and the Trust's sale of property to Daryl Williams in 2004. "A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *See F.T.C. v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997). The district court did not err in determining that the Trust is invalid as a business trust.

2. *Reformation of the Trust.* In its findings of fact and conclusion of law issued after the bench trial, the district court declined to reform the E-3 Ranch Trust. The district court did not err in so doing.

Montana law permits courts to reform trusts "to correct mistakes" "to conform the terms to the settlor's intention if it is proved by clear and convincing evidence what the settlor's intention was and that the terms of the trust were affected by a mistake of fact or law, whether in expression or inducement." MCA § 72-38-415.

Defendants argued that the "mistakes" in the terms of the Trust were "those attributes listed by the District Court that prompted the Court to deem the Trust invalid." But the attributes of the structure of the Trust that led to its invalidation

(e.g., the Trust's issuance of shares, the appointment of a trustee and managing director, the Trust's limited liability) are not mistakes of fact or law. Nor do Defendants argue that the Trust's failure to file paperwork pursuant to MCA § 35-5-201 constitutes a mistake. The structure of the Trust here does not warrant reformation due to a mistake of fact or law, and the district court did not err in declining to reform the Trust.

3. *Imposition of a Constructive Trust*. In its findings of fact and conclusions of law issued after the bench trial, the district court declined to impose a constructive trust. The district court found that while it would be inequitable for the estate of Bernard McLain to retain title to the Ranch, a construction trust vested in the Trust was "inappropriate because the Trust is not the victim of any unjust enrichment." The district court did not err in declining to impose a constructive trust.

"A constructive trust arises when a person holding title to property is subject to an equitable duty to convey it to another on the ground that the person holding title would be unjustly enriched if the holder were permitted to retain it." MCA § 72-38-123. "A person seeking to impose a constructive trust" must "prove that the title holder would be unjustly enriched if they were permitted to retain title." *In re Marriage of Moss*, 293 Mont. 500, 507 (1999).

As the district court noted, Defendants failed to identify at trial in whom the constructive trust should vest. A constructive trust arises when a person holding title

to property is subject to an equitable duty to convey it *to another*. MCA § 72-38-123. It is this "another" that Defendants failed to identify. In the absence of this identification, the district court is correct that the E-3 Ranch Trust is the most sensical party in whom the constructive trust would vest. The district court is also correct that the Trust is not the victim of unjust enrichment, a necessary requirement for the imposition of a constructive trust, as the Trust was merely a passive recipient of the land and did not make any improvements that would have unjustly enriched Bernard's estate. The district court therefore did not err in declining to impose a constructive trust.

4. *Validation of the Trust Conveyances*. In its findings of fact and conclusions of law issued after the bench trial, the district court declined to ratify the conveyances of the voided Trust. This decision was not error.

Where a trust "is void under Montana law, any transfer of property to the [trust] is likewise void." *Ruby Mountain*, 300 Mont. at 306. "Ratification exists upon the concurrence of three elements: (1) acceptance by the principal of the benefits of the agent's act, (2) with full knowledge of the facts and (3) circumstances or an affirmative election indicating an intention to adopt the unauthorized arrangement." *Scott D. Erler, D.D.S. Profit Sharing Plan v. Creative Fin. & Invs., L.L.C.*, 349 Mont. 207, 217 (2009) (alteration adopted).

23-35304

The district court did not err in declining to validate the conveyances. As the Trust is void, so are the transfers of property made by the Trust. *Ruby Mountain*, 300 Mont. at 306.

Defendants argue that the transfer from Bernard's estate to the Trust was valid because Mary McLain, Trustee of the E-3 Ranch Trust and former Plaintiff, ratified the Trust through "many actions." Defendants, however, fail to describe the actions taken by Mary or explain why those actions constitute ratification. Additionally, that a parcel of the Ranch was vested by a quiet title action in Daryl Williams in 2018 by Montana state court does not require a finding that the district court erred in declining to validate the Trust conveyances here. Defendants therefore fail to prove that the district court erred.

5. *Adverse Possession*. In its findings of fact and conclusions of law issued after the bench trial, the district court found that Caroline did not adversely possess the Ranch. The district court did not err in this conclusion.

To gain title to land by adverse possession, the claimant's possession of the land must be "open, notorious, exclusive, adverse, continuous, and uninterrupted for the full statutory period." *Burlingame v. Marjerrison*, 204 Mont. 464, 470-71 (1983). Montana's statutory period for adverse possession is five years. MCA § 70-19-402. The claimant must also have paid the property taxes throughout the relevant statutory period. *Burlingame*, 204 Mont. at 470. When a titleholder dies, a person

claiming adverse possession must adversely possess the land as to the titleholder's devisees. *Commercial Bank & Trust Co. v. Jordan*, 278 P. 832, 835 (Mont. 1929).

Because the Trust and its conveyances are void, the district court is correct that the titleholders of the Ranch are Caroline (1/4 interest), Frank (1/4 interest), and Bernard's estate (1/2 interest). Caroline did not adversely possess the Ranch as to the other titleholders of the land, Frank (Caroline's husband) or Bernard (Caroline's father-in-law). Caroline lived on the Ranch without Frank only for four years and ten months, which is less than the five-year statutory period required to gain title through adverse possession. The district court also found that Caroline had not adversely possessed the land as to Bernard's estate because Caroline's possession of the Ranch was neither exclusive nor hostile as to Bernard (Caroline's father-in-law), who lived on the Ranch from before the start of the adverse possession period until January 3, 2009. After Bernard's death, there was also no evidence that Caroline's possession was hostile or exclusive as to Bernard's devisees, which included Frank, and their children Alakhi, Dane, and Sohnja.

Defendants do not argue that the district court erred in its conclusion that Caroline failed to adversely possess the Ranch as to Frank and Bernard's estate. Rather, Defendants argue that Caroline should be required only to prove the elements of adverse possession as to the E-3 Ranch Trust. But Caroline cannot adversely possess land through possession that is adverse to an entity *other than* the

titleholder. The district court did not err in determining that Caroline did not adversely possess the Ranch.

6. *Frank's Collateral Attacks*. In separate briefing, Frank challenges the validity of the United States' liens against him and the underlying criminal conviction that gave rise to them. A taxpayer, however, "may not use a section 2410 action to collaterally attack the merits of an assessment." *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir. 1990). "Rather, the taxpayer may only contest the procedural validity of a tax lien." *Id*. Therefore, even were Frank's challenges to the merits of the tax assessments meritorious, this Court could not hear those claims.

Frank disputes the procedural validity of the tax liens by asserting that the Certificates of Assessments provided by the Government are merely "papers bearing various typings." The district court did not err in finding that the United States had valid tax liens pursuant to the tax assessments. The Government provided the Certificates of Official Record for Forms 4340, "Certificate of Assessments, Payments, and Other Specified Matters." This Court has already determined that Forms 4340 "are admissible evidence that valid assessments have been made." *Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992). These Forms, which were certified under seal, are "admissible as self-authenticating domestic public documents under Fed. R. Evid. 902(1)." *Id*. Frank's challenge to the procedural validity of the tax liens therefore fails.

Frank also argues that the United States' action is barred by the statute of limitations pursuant to 28 U.S.C. § 2642's five-year limit on "the enforcement of any civil fine, penalty, or forfeiture." The correct statute, however, is 26 U.S.C. § 6502, which governs tax "collection after assessment" and provides a ten-year statute of limitations. 26 U.S.C. § 6502; *see also United States v. Bacon*, 82 F.3d 822, 825 (9th Cir. 1996).

Frank filed a countersuit seeking a refund of the civil penalty imposed under 26 U.S.C. § 6672. An individual seeking a refund of a penalty levied pursuant to 26 U.S.C. § 6672 must show that he was either not a "responsible person" under the statute, or that his conduct was not "willful." *See United States v. Jones*, 33 F.3d 1137, 1139 (9th Cir. 1993). Here, a jury convicted Frank for nine counts of violating 26 U.S.C. § 7202 "willfully." This conviction serves as collateral estoppel of the claim that Frank was not a responsible person who acted willfully. The district court did not err in dismissing Frank's counterclaim.

Frank asserts that this Court lacks jurisdiction in this case, arguing that "[a] court outside the jurisdiction of a sentencing court has no authority to resentence a criminal defendant." Here, however, the district court was not "resentencing" Frank; it correctly permitted the United States to intervene in the quiet title action to foreclose on its outstanding civil liens. Frank's collateral attacks therefore fail.

**AFFIRMED.**